In re **MEADE LAND AND DEVELOPMENT CO., INC.**

Appeal of **EASTGATE ENTERPRISES, INC.**

No. 75–1359.

United States Court of Appeals, Third Circuit.

Argued Sept. 17, 1975.

Decided Dec. 15, 1975.

Edward Cohen, Lester H. Novack, Cohen & Novack, Philadelphia, Pa., for appellee.

Charles J. King, Jr., Rogers, King & Daniels, Norristown, Pa., for appellant.

Before SEITZ, Chief Judge, and ROSENN and GARTH, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

This is an appeal by an unsecured creditor (appellant) from an order of the district court affirming the Bankruptcy Judge's award of fees in the amount of $50,000 to counsel for the Receiver and Trustee of the bankrupt, Meade Land and Development Company, Inc. ("Meade").

The appellant attacked the Bankruptcy Judge's award on the following grounds:

1. The Bankruptcy Judge erroneously granted credit for hours of legal service which were not supported by adequate time records.

2. The Bankruptcy Judge erroneously granted credit for hours of service which were not legal services.[1]

The district court reviewed these attacks on the Bankruptcy Judge's award under the clearly erroneous standard. On appeal, appellant argues that the district court applied the wrong review standard. It then renews its attack on the Bankruptcy Judge's award.

### A

We must first determine whether the district court applied the correct standard in reviewing the challenged aspects of the Bankruptcy Judge's fee determination. The district court treated the Referee's conclusions as findings of

---

1. Appellant also contends that certain services rendered by counsel were not necessary. By this contention we understand appellant to be arguing that even as to services which were legal in nature, compensation should be denied where the Receiver or Trustee could have adequately performed the same duties. The determination of whether concededly legal services are "necessary" legal services is generally a factual one, which may be overturned only upon a showing that it is clearly erroneous. On the basis of the record before us, we are unable to conclude that the Bankruptcy Judge's implicit determination of this issue was clearly erroneous.

fact and applied the "clearly erroneous" rule prescribed by Bankruptcy Rule 810. Given the nature of appellant's contentions we think it was error to apply the clearly erroneous standard to test the correctness of the Bankruptcy Judge's conclusions. We say this because appellant was raising legal issues, viz., whether detailed time records were required before credit could be given for certain services claimed to have been rendered and whether certain services were legal services. We thus approach this case as we would any case raising purely legal issues.

### B

Appellant first claims that the Bankruptcy Judge erred in basing his award of fees in part on a total hourly listing of time spent. Of the more than 208 hours claimed by counsel to have been spent in advising the Receiver, only 108.5 hours were listed in specific terms of services rendered. Appended to this specific breakdown was the statement:

> "The schedules of services performed by counsel does [sic] not reflect all conferences held with interested parties, legal research, telephone calls, correspondence, conferences with the Court and visits to the site in Warrington Township; the time estimated for these unrecorded matters is in excess of 100 hours."

The application for an allowance of counsel fees for services performed as counsel to the Trustee was likewise incomplete. Following a careful itemization of charges for 185.5 of the more than 334 hours claimed,[2] counsel attached a statement, identical to the one quoted above, which estimated that an additional 150 hours had been spent on "unrecorded matters."

■ We have in the past required attorneys seeking payment for their services to provide accurate records of the amount of time spent and the manner in which it was spent. In *In re Roustabout*, 386 F.2d 354 (3d Cir. 1967), for example, we reduced a $15,500 award of attorneys' fees to $10,000, in part because the attorney's claim of time spent had not been substantiated by specific time records. Similarly, in *In re Imperial "400" National*, 432 F.2d 232 (3d Cir. 1970), a case involving an application for interim fees in a Chapter X proceeding, we reversed the district court's award of fees and remanded the case for further consideration, noting the impossibility of rendering an appropriate decision in the absence of adequate time records. *Cf., Lindy Bros. Builders v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir. 1973).

■ Applying the strict standard enunciated in these cases, we conclude that the petitioner failed to establish with requisite records how the total time for which compensation was claimed had been spent. We therefore hold that the Bankruptcy Judge's award cannot be sustained and must be remanded for a redetermination, calculated, insofar as pertinent, on the basis of those hours which can be supported by adequate records.[3] We recognize, of course, that there may be cases where such records can no longer be produced because they are no longer available. When the Bankruptcy Judge finds that good cause exists for the nonproduction of the records, he may then rely on some alter-

---

2. In addition, there was testimony at the final audit and hearing on objection to claims that counsel had spent 20 to 30 hours since the filing of the petition. At a subsequent hearing, counsel estimated that approximately 50 hours had been spent since the date of filing, "dealing with hearings before this Court, conferences with [the attorney for appellant Eastgate], answers to and research on the petition to vacate the adjudication, and the petition to file a Chapter XI proceeding." The Bankrupt-

cy Judge allowed compensation for 381 hours of legal services.

3. We recognize that counsel may be expected to perform legal services in the wrap-up of the proceedings after the date their application for compensation is considered by the court. As to such services we realize that only an estimate of time can be given. We think the Bankruptcy Judge can include compensation for such future services so long as he finds the estimates of time are reasonable.

284

nate form of proof along with his own articulated knowledge of the matter.

▆▆▆ We stress that it is the attorney's obligation to keep and submit to the court time records supporting an application for compensation. And, absent unusual circumstances, it is the court's independent obligation to give credit only where there are such supporting documents, even in cases where no interested parties raise objections to the claim. Additionally, we think it would be appropriate for the Bankruptcy Judge to indicate what was determined to be a reasonable hourly rate for such services.

### C

Appellant also attacks the award on the ground that the Bankruptcy Judge erred in allowing compensation for services which were non-legal in nature. Appellant primarily objects to the allowance of fees (1) for time spent by counsel in conferences or at meetings with creditors and their attorneys involving the attempted refinancing of the bankrupt during the unsuccessful Chapter XI proceeding; (2) for time expended in negotiations with prospective purchasers for the sale of the real estate following the adjudication of bankruptcy;[4] and (3) for the hours devoted to preparing various inventories, accounts and reports for the Receiver and the Trustee.[5]

At the hearing on objection to claims, appellant offered no evidence in opposi-

tion to the claim for attorneys' fees, and the Bankruptcy Judge awarded compensation in the full amount requested by counsel, finding that they had spent

". . . a total of 208 hours in *legal* services for the receiver and a total of 381 hours in such services for the trustee. These figures were supported by ample documentation by Mr. Cohen and were not controverted during the hearing, nor did they include, I am convinced, the multitudinous and time consuming activities required in a case such as this which perhaps fall into the twilight zone between 'legal' and ministerial services of a lawyer."

▆▆▆ In reviewing the Bankruptcy Judge's decision on this issue, we must first consider the applicable principles governing the award of fees. Bankruptcy Rule 219(c)(3) provides that "[c]ompensation may be allowed an attorney or an accountant only for professional services." The rule which has evolved from the cases applying this provision and its predecessor, General Order 42, is that an attorney is only entitled to receive compensation for the performance of professional "legal" services; non-legal services are not compensable. *See, Cle-Ware Industries, Inc. v. Sokolsky,* 493 F.2d 863, 874 (6th Cir. 1974); *In re Mabson Lumber Co.,* 394 F.2d 23, 24 (2d Cir. 1968); *In re Hardwick & Magee,* 355 F.Supp. 58, 71–74 (E.D.Pa.1973).

---

4. Appellant takes exception to the following items listed in counsel's petition for an allowance of fees:

"1970
10/28 Attended public sale of real estate and personal property at site. Advised bidders of the conditions of the sale (8 hrs.) NOTE: Conferred with substantial number of buyers at office prior to sale. Estimated at least 20 hours of time spent with prospective purchasers. (20 hours)
\* \* \* \* \* \*
1971
1/21 Conference and negotiations with Dante Iacampo and his counsel relative to the purchase of 123 lots and golf course. Estimated time sheet in negotiations approximately 20

hours. Conferences held at office and separate meetings at home. (20 hrs.)"

5. Specifically, appellant objects to the allowance of fees for the following services itemized in counsel's petition:

"1969
10/24 Prepared and filed Receiver's Inventory with the Court. (1 hr.)
\* \* \* \* \* \*
1973 Prepared Receiver's Report; Prepared Trustee's Reconcilation of Assets; Prepared Application by Trustee and Substituted Trustee for Statutory Commissions; Prepared Trustee's First Account; Prepared application for allowance of counsel fee and costs. (10 hrs.)"

■ A second fundamental principle governing the allowance of counsel fees is that an attorney is not entitled to compensation for the assumption of the duties of the Receiver or Trustee. *In re Union Dredging Co.*, 225 F. 188 (D.Del. 1915). The rationale underlying this rule is twofold: first, the estate must not be depleted through a possible duplication of charges for the same service; and second, the assumption of the Receiver's or Trustee's duties by counsel would be in derogation of the statutory scheme.

Applying these guidelines, Collier suggests that the estate should be chargeable with a reasonable allowance for attorneys' fees:

"wherever the officer (trustee or receiver) is by statute either *directed* or in his sound discretion permitted to act, and where the compliance with his duties or the exercise of his privileges require advice or assistance . . .." [footnotes omitted] 3A Collier on Bankruptcy, ¶ 62.12[3] at 1475.

■ The line between legal and non-legal services and between necessary legal services and ministerial duties of the Trustee, requiring only sound business judgment, is not easy to draw. Consequently, substantial latitude must be accorded the Bankruptcy Judge in the drawing process because he is best able to observe and evaluate counsel's performance. To assist the judge in this process, counsel's petition and supporting affidavit should describe with reasonable specificity the services for which compensation is claimed as well as the hours spent thereon. If such services could colorably constitute the type of services one would reasonably expect an attorney to perform under the circumstances, and are otherwise compensable,[6] we think the Bankruptcy Judge is entitled to conclude therefrom that the petitioner has made out a prima facie showing that the services were compensable legal services, in the absence of an evidentiary showing to the contrary. Of course, the Bankruptcy Judge is free to require an attorney to produce additional evidence in order to substantiate the legal character of the items set forth in his petition if the judge feels such evidence is necessary.

■ Applying these principles to the instant case, we find no basis for disturbing the Bankruptcy Judge's conclusion that the services for which compensation was allowed were legal in nature. Counsel's petition and accompanying affidavit in support of their claim for compensation established a prima facie case which the Bankruptcy Judge was entitled to accept in the absence of persuasive rebuttal evidence.

With respect to the allowance of fees for time spent in conferences and negotiations with creditors and their attorneys during the Chapter XI proceeding, there is ample evidence, in addition to counsel's petition, that these activities were a necessary incident to the legal representation of the Receiver. The Receiver's need for competent legal advice was particularly acute. The principal asset of the financially troubled Meade, a large tract of real estate, was heavily mortgaged, and a proposed development plan with Warrington Township was in jeopardy. At the time the Chapter XI petition was filed, mortgage foreclosure proceedings had already been instituted by lien creditors in state courts, and the likelihood that Meade would be able to continue to develop the tract and fulfill contractual commitments with Warrington Township was slim. Counsel for the Receiver, although unable to obtain approval by the requisite number of creditors for a plan of arrangement, successfully forestalled the mortgage foreclosures until a profitable private sale of the real estate could be made. In view

---

**6.** As indicated in Footnote 5, some of the time spent for which compensation is sought was devoted to the preparation of counsel's request for fees. While such services are legal services, there is a substantial question as to whether they are compensable. *See, United States v. Larchwood Gardens,* 420 F.2d 531, 534 (3d Cir. 1970). The Bankruptcy Judge should decide the matter in the first instance.

of the pressing demands of the mortgagees and the Township, it is understandable that counsel would be expected to devote considerable time both to court appearances and to negotiations with these opposing parties in an attempt to effect a refinancing of the debtor.

A more difficult problem is presented by appellant's charge that counsel were not entitled to compensation for their participation in conferences and negotiations with prospective purchasers of the real estate and for their preparation of various official accounts and reports both for the Receiver and for the Trustee. Normally, the responsibility of liquidating the assets of a bankrupt estate rests solely with the Trustee, as does the duty to submit periodic inventories and accounts.[7] 11 U.S.C. § 75. In some circumstances, however, the assistance of counsel may be required by a Trustee to arrange for the sale of assets and to negotiate with prospective purchasers as to the terms and legal implications thereof in order to preserve the estate and obtain the highest possible bid for the assets. Thus, in a case involving facts markedly similar to the case at bar, the Second Circuit Court of Appeals denied compensation for time spent by counsel in locating a buyer for real estate but otherwise affirmed an award of fees for the hours devoted to "preparing the sale of [the] real estate," where legal expertise was required. *See In re Mabson Lumber Co.,* 394 F.2d 23 (2d Cir. 1968). The preparation of inventories and accounts, like the liquidation of assets, may also involve complex legal matters requiring the advice of an attorney.

Since appellant failed to introduce any evidence that the advice of an attorney was unnecessary to negotiate with interested bidders and purchasers of the real estate and to assist in the preparation of required reports, we believe that the Bankruptcy Judge was justified in finding that these activities constituted compensable legal services.

The judgment of the district court will be vacated and the case remanded for further proceedings consistent with this opinion.

---

7. The Receiver is similarly charged with the statutory duty to maintain certain accounts. 11 U.S.C. § 741. Bankruptcy Rule 11–30 adopts by reference Bankruptcy Rule 218 which enumerates the duties of a Trustee, and makes these duties applicable to a Receiver in Chapter XI proceedings.