This contracts renegotiation case is before the court on plaintiffs (Designatronics, Inc.) motion for summary judgment and defendant’s cross-motion. Because there are material issues of fact in dispute, and neither party is entitled to judgment as a matter of law, we remand this cause to the Trial Division for further proceedings. Prior to 1968, plaintiff had had little or no experience with the Renegotiation Board (the Board) and had not submitted the standard form contractor’s report (RB-1) for its prior years.[1] In 1969, when plaintiff finally submitted its RB-ls for its fiscal years 1966 and 1967, plaintiff checked a block indicating that it waived the "standard commercial class of articles” exemption (SCCA exemption).[2] In June 1973, plaintiff sought, by application to the Board, to withdraw its waiver of the SCCA exemption for both fiscal years; the Board denied plaintiffs request and thereafter entered its final determinations of excess profits for plaintiffs FY 1966 and 1967. Among plaintiffs several asserted grounds for upsetting the Board’s determinations, the only one now before us concerns the availability to plaintiff of the SCCA exemption.
The crux of pláintiff s argument is that it is entitled, as a matter of law, pursuant to 50 U.S.C. App. §1218 (Supp. V 1975), to claim the SCCA exemption in de novo proceedings before this court without regard to any waiver before the Board. We disagree and so do not go on to address plaintiffs contention that application of the SCCA exemption must conclusively eliminate any excess profits from its FY 1966.
Plaintiffs argument misses the fact that the Renegotiation Act of 1951 (the Act), as amended, 50 U.S.C. App. §§1211-24 (1970 & Supp. V 1975), affirmatively puts a contractor to an election at the time it files the RB-1 for the corresponding year; it may either claim the exemption or waive at that time. 50 U.S.C. App. §1216(e) (5) (1970). Against this statutorily mandated time in the proceedings *643 when the election whether to claim the exemption must be made, it is simply no answer to say that other sections of the Act provide for de novo review of the amount of excess profits or that this court has declined to accord Board substantive or procedural determinations any presumption of correctness. Cases interpreting 50 U.S.C. App. §1218 such as Camel Mfg. Co. v. United States, 215 Ct. Cl. 460, 527 F. 2d 280 (1978); Gibraltar Mfg. Co. v. United States, 212 Ct.Cl. 226, 546 F. 2d 386 (1976); Lykes Bros. S.S. Co. v. United States, 198 Ct. Cl. 312, 459 F. 2d 1393 (1972) are, thus, inapposite. The statute, not the Board, fixes the time for making an election concerning the SCCA exemption and compels us to reject plaintiffs position on this score.
Plaintiff has, however, raised factual questions which preclude us from completely disposing of this matter in its present posture. Plaintiff professes that its "waiver” of the exemption in 1969 was the result of unfamiliarity with Board proceedings, the press of time, and ignorance of how to preserve its objections. Plaintiff then alleges that the Board abused its discretion when, in 1973, it refused to allow plaintiff to withdraw a waiver made under such conditions — especially where the Board did, at the same time, allow plaintiff the benefit of another newly claimed exemption (for sales under $1000 to be performed within 30 days). Plaintiff is entitled to a trial on the issue of abuse of discretion.
In the conduct of further proceedings before the Trial Division, the question of the availability to plaintiff of the SCCA exemption should be addressed first. If the Board is found not to have been arbitrary or capricious in its refusal to permit plaintiff to withdraw its waiver, then the matter of the exemption will be out of the case. If, on the other hand, the Board is found to have been arbitrary and capricious, further findings (using sampling methods similar to those used by the Board in such cases) must be made to determine the amount of the exemption. Finally (after completing the previous steps and applying the exemption, if any), if plaintiffs renegotiable profits remain above the statutory floor, then the Trial Judge should proceed on to review the Board’s determinations of the amount of excess profits.
In summary, we have held that plaintiff is not entitle to claim the SCCA exemption de novo in proceedings before this court, but may claim the exemption if it can show that the Board abused its discretion.
*644 it is therefore ordered upon consideration of the parties’ submissions and after oral argument, that plaintiffs motion for summary judgment is denied. Defendant’s cross motion for summary judgment is denied. The case is remanded to the Trial Division with instructions.

 The Renegotiation Board Form 1, delineated in 32 C.F.R. §1427.702(d)(1976) is the vehicle by which renegotiable contractors file their financial statements with the Board. 32 C.F.R. §1470 (1976).

 50 U.S.C. App. §1216(e)(1970). Section 1216 (e)(2) states: (2) Classes of articles. The provisions of this title (sections 1211 to 1224 of this Appendix) shall not apply to amounts received or accrued in a fiscal year under any contract or subcontract for an article which (with respect to such fiscal year) is an article in a standard commercial class of articles.