**In re HOTEL ASSOCIATES, INC., Robert B. Miller, Stanton R. Miller, a partnership trading as "The Drake", Debtor.**

**Bankruptcy No. 79–02203K.**

United States Bankruptcy Court, E. D. Pennsylvania.

Nov. 18, 1981.

Pace Reich, Philadelphia, Pa., for debtor.

Peter M. Breitling, George B. Clothier, Philadelphia, Pa., for Trustees of the Central States, SE and SW Areas Pension Fund, etc.

David W. Marston, Philadelphia, Pa., Trustee.

John S. Estey, Alison Douglas Knox, Philadelphia, Pa., for trustee.

MEMORANDUM OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

In this case, counsel for the Trustee has amended their application for counsel fees in accordance with the Order of this Court dated September 16, 1981. The Court, upon consideration of the amended application,

will grant $4,312.00 in additional interim compensation.[1]

The Memorandum Opinion and Order of September 16, 1981, disallowed $8,523.00 of a total original request for counsel fees of over $150,000. A total of $6,972.00 was disallowed by the Court for failure to comply with the guidelines established by the Third Circuit Court of Appeals in the *Meade Land and Development* cases.[2] An amended fee application for this amount was submitted on October 5, 1981. Upon consideration of this application, the Court will disallow $2,480.00 of the requested $6,972.00.[3]

■ Most of the items being disallowed suffer from the same defects which plagued the prior applications, *viz.* "... entries setting forth seemingly inordinate amounts of time spent in hearings before this Court...."[4] The Court, therefore, has reduced the amount of time in these items and awarded the fee based on the reduced amount of time. Any entry which did not provide an adequate basis to justify the amount of time spent was reduced to a reasonable level.

■ As a general matter, to allow unsupported entries to be passed by the Court would be unsound policy. The allowance of compensation on an hourly basis seems to favor verbose, unprepared, and dilatory attorneys. Therefore, detailed fee applications are required by the Bankruptcy Court. Such an application insures that the debtor's estate is not dissipated on legal fees in a situation where the services rendered for these fees do not necessarily benefit the estate or, the amount requested for such services is clearly in excess of the reasonable value of the services to the debtor's estate. For example, one attorney may choose to settle litigation in a few hours while other counsel may litigate the case to the last gasp and thereby feel entitled to a substantial legal fee from the debtor's estate. If the results reached by these hypothetical attorneys are similar, the Court fails to understand why the second attorney should receive a much greater fee merely because of the amount of time spent on the case. In any application for counsel fees, the primary concern of the Court must be the benefit which the estate derived from the professional services.

The Court does not require a fee application the size of a boring victorian novel. However, in light of the fact that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors, the Court believes that a justification of such fees in the application for compensation is not an overly burdensome task.

In this particular case, 22.5 hours have been disallowed because the Court has not been provided with a sufficient basis to justify the amount of time in question. The Court feels that the burden is on the attorney seeking compensation to establish the amount. The Court will not delve through the record of an extensive case, such as this one, in order to justify legal fees which counsel has not adequately documented in his application.

■ One item remains untouched by the Court.[5] An entry on the fee application requested compensation for 4.5 hours of an attorney's time spent proofreading and cite-checking the Trustee's Report. The Court fails to agree that time spent on such chores is of the same value or requires the same level of professional skill and knowledge as do other professional legal services. This award, therefore, is also reduced.

---

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

2. *In re Meade Land and Development Co., Inc.,* 527 F.2d 280 (3rd Cir. 1975) and 577 F.2d 858 (3rd Cir. 1978).

3. *See* Exhibit 1 for a complete list of items disallowed by the Court.

4. Memorandum Opinion of this Court in this case dated September 16, 1981, p. 8.

5. *See* entry marked with an asterisk on Exhibit 1.

In accordance with this Opinion, the Court will enter an Order awarding $4,312.00 as additional compensation to counsel for the trustee.

### EXHIBIT #1

| Attorney: | Date | Hours Disallowed |
|---|---|---|
| J. S. Estey | 11/19/80 | 1.5 |
| | 12/16/80 | 1.5 |
| | 1/29/81 | 1.0 |
| | 2/18/81 | 4.5 |
| | 2/19/81 | 2.5 |
| A. D. Knox | 9/24/81 | 2.0 |
| | 10/23/81 | 1.5 |
| | 1/6/81 | 2.5* |
| | 1/28/81 | 2.5 |
| | 2/10/81 | 3.0 |
| B. M. Carnecchia | 11/4/80 | 2.5 |

#### Total Disallowances

| | | |
|---|---|---|
| Estey | – 11 hours @ $140/hr. = | $1,540.00 |
| Knox | – 11.5 hours @ $ 60/hr. = | 690.00 |
| Carnecchia | – 2.5 hours @ $100/hr. = | 250.00 |
| | | $2,480.00 |