**In re Harold BARSKY and Jay Barsky Individually and trading as N. Barsky & Sons (A Partnership), Debtor.**

**Bankruptcy No. 80–02400K.**

United States Bankruptcy Court, E. D. Pennsylvania.

Feb. 10, 1982.

Charles M. Golden, Philadelphia, Pa., for debtor.

Albert J. Lubin, Schlossberg & Siegel, New York City, for Creditors' Committee.

William A. Meehan, Philadelphia, Pa., trustee.

Marvin Krasny, Philadelphia, Pa., for trustee.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

In this case, the firm of Schlossberg and Siegal, Counsel for the Creditors' Committee in a Chapter 11 Case, filed an application for counsel fees. The Court awarded $3,865.00 of a total request of over $11,000.00. Counsel filed a motion for reconsideration of this allowance. Upon further review of the original application and after review of the motion for reconsideration,

the Court will not amend the original award of counsel fees.[1]

The Court based the disallowance of counsel fees on two (2) separate grounds. First, the application did not meet the requirements set down by the Third Circuit Court of Appeals in the *Meade Land and Development Co., Inc.*, decisions. (527 F.2d 280, 3rd Cir. 1975; 577 F.2d 858, 3rd Cir. 1978). Second, the Court disallowed items where the fee application revealed that the tasks performed were properly the province of the secretary of the creditors' committee.

 The application of counsel failed to meet the requirement of specificity laid down in the *Meade* cases. The Court stresses that it is the attorney's obligation to maintain and submit to the Court, time records supporting an application for compensation. *Meade*, 527 F.2d 280 at 283. The Court requires counsel to provide accurate records of the amounts of time spent and the manner in which it was spent. *Meade, supra*, at 284. *In re Hotel Associates*, 10 Bkrtcy. 668.

As this Court has stated:

> Our mandate in this matter is clear: definitive time records are prerequisite to other more subjective inputs to our evaluation.... The Court of Appeals requires us to calculate our fee award on the basis of "adequate records"... Our definition of an adequate record is one which provides, at a minimum, a date, the number of hours spent, as well as the hours of the day spent on a task that date,... and a short concise statement of the task—for each task.

*In re Meade Land and Development Co., Inc.*, 690–357WK; affirmed on appeal 577 F.2d 858 (3rd Cir. 1978).

The application in the instant case does not meet the required standard, and, therefore, reconsideration will be denied.

Other allowances were requested for work performed such as drafting notices to creditors, notifying creditors of meetings, and drafting reports of creditors' meetings. These requests have been disallowed. A secretary to the creditors' committee was appointed. These tasks should have been performed by the secretary. Counsel for the creditors' committee was not the proper party to perform these services. Therefore, these disallowances will not be reconsidered.

---

**1.** This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.