**In re NATION/RUSKIN, INC., Debtor.**

**Bankruptcy No. 80-02621K.**

United States Bankruptcy Court,
E. D. Pennsylvania.

July 14, 1982.

Allen B. Dubroff, Philadelphia, Pa., Gary B. Sachs, Carle Place, N. Y., for debtor.

Robert I. Morris, Philadelphia, Pa., for Creditors' Committee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

In this case, both Gary B. Sachs, Esquire, of the firm Schwartz and Sachs, P. C. and Allen B. Dubroff Esquire, of the firm Pincus, Verlin, Hahn, Reich and Goldstein, P. C., Co-Counsel for the debtor, Nation/Ruskin, Inc. in a Chapter 11 case filed an application for counsel fees. Co-Counsel Sachs has requested in his application, fees of $33,500.00 for 268⅔ hours work, less a retainer of $12,000.00, for a net compensation claimed of $21,550.00. Co-Counsel Dubroff has listed his time expanded on behalf of the debtors as totalling 133.4 hours, but has neglected to request a monetary allowance. The Court will grant a partial allowance to Sachs for detailed requests made in conformance with § 329 of the Bankruptcy Code, Rule 219 of the Rules of Bankruptcy Procedure, and case law from this Court. An Order will be entered allowing Sachs ten (10) days to amend those portions of his application not in conformance with the Code. Co-Counsel Dubroff's application for allowances will be denied for failure to even request an allowance, and an Order will be entered granting him ten (10) days to amend his requests.[1]

Traditionally, Bankruptcy administration has been a matter of continuing concern. This concern has led to an increasing recognition of the necessity for close judicial

---

1. This Opinion constitutes the findings of fact and conclusions of law in accordance with Rule 752 of the Rules of Bankruptcy Procedure.

control of these costs. The Rules of Bankruptcy Procedure stress that allowances for compensation are not solely exercises of the Court's discretion, but that there is a great need for detail in the fee application process.[2] Such detailed disclosure is a safeguard against roundabout depletions of the estate to the detriment of creditors. Bankruptcy Rule 219(c) directs the Court to allow reasonable compensation in awarding attorney's fees by giving . . . "due consideration to the nature, extent, and value of the services rendered as well as to the conservation of the estate and the interests of creditors". Although the Code's emphasis is placed less on economy of the estate, and more on insuring the quality of counsel, conservation of the estate is still emphasized as an important consideration.[3]

Rule 219(a) provides . . .

"A person seeking compensation for services, or reimbursement of necessary expenses from the estate, shall file with the court an application setting forth a *detailed statement* of (1) the services rendered and expenses incurred, and (2) the amounts requested." (emphasis added).

Furthermore, § 329(a) of the Bankruptcy Code provides . . .

"Any attorney representing a debtor in a case under this, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of compensation paid or agreed to be paid . . ."

We are convinced that Rule 219(a) governs this type of detailed statement required in a bankruptcy proceeding. This viewpoint is supported by the fact that the Code, though not accompanied by new rules, anticipates the advent of new rules.[4] Until such rules are forthcoming, however, the present Federal Rules of Bankruptcy Procedure will apply so long as they are not inconsistent with the provisions of the Code.[5] It is clear to this Court that Rule 219(a) is not inconsistent with the provisions set forth in § 329 of the Code. Therefore, Rule 219(a) and case law interpreting this rule must be followed in a proceeding commenced under the Code.

In the present case, Mr. Sachs filed with this Court a lengthy memorandum describing those services he provided for the debtor along with an itemized categorization of these services. This Court refuses to accept in full this application for allowances for several reasons. First, Mr. Sachs has presented his schedule of services in a confusing manner. His memorandum and itemization of services rendered on behalf of the debtor should be produced for the Court's inspection in a logical, concise, and chronological manner. As this allowance is presented, this Court must sift through all of the information and reorganize it to evaluate what services were provided to the debtor. Attorneys should not expect the Court to tabulate fee awards from what amounts to masses of raw data.[6] The determination of the adequacy of records prepared by counsel in applications for allowances is left to the Court, and where deemed necessary, a bankruptcy judge is free to require an attorney to produce additional evidence in order to substantiate the legal character of items set forth in an application.[7] The Court will direct Co-Counsel Sachs to file a more appropriate application.

---

**2.** Rule 219 of the Rules of Bankruptcy Procedure, Advisory Committee's Note taken from 3A Collier ¶ 62.02 (1961).

**3.** Senate Report 95–989, 95th Cong., 2d Sess. 40–41 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

**4.** *In re Hotel Associates, Inc.,* 10 B.R. 668 (Bkrtcy.E.D.Pa.1981).

**5.** Bankruptcy Reform Act of 1978, Pub.L.No. 95–598; 92 Stat. 2549.

**6.** *In re Meade Land and Development Co., Inc.,* 577 F.2d 858 (1978).

**7.** *In re Meade,* 527 F.2d 280 (1975).

Secondly, Mr. Sachs has lumped together many of the legal services that he claims to have performed for the debtor in his itemized schedule, in that three or four services appear under one general time expenditure. As a result, it is impossible for the Court to accurately determine what services were rendered. This Court is not permitted to speculate as to how much time has been expended to perform each of the itemized services.[8] Thus, the lumped-together portions of Co-Counsel Sach's application for allowances must be disallowed for failure to document the services performed with the degree of specificity required by this Court.[9]

■ This Court has also held that, as a general matter, to allow unsupported entries would be unsound policy.[10] Without detailed fee applications, the Court would be unable to determine reasonable compensation according to the standard set forth in § 330. The allowance of compensation on an hourly scale based on unsupported entries could possibly favor verbose, unprepared, and dilatory attorneys. This Court is not willing to allow this to happen, and emphasizes that it is the attorney's obligation, and not the Court's, to maintain and submit detailed time records supporting an application.[11] As a result, this Court will deny Co-Counsel Sach's full request for compensation of $21,550.00, but will grant him a partial allowance totalling $2,991.00. An Order will be entered allowing Mr. Sachs ten (10) days from the issuance of this Order to amend his application in accordance with this Opinion.

■ This Court is also unable to grant Co-Counsel Dubroff's application for allowances because of his failure to request a monetary allowance as required by § 329. It is impossible for this Court to award an allowance when none has been requested. Mr. Dubroff's application would, however, fail even with a request for the same reasons as his Co-Counsel's. Mr. Dubroff has neglected to meet the *Meade* requirements of adequately documenting, with specificity, the services provided to the debtor. General statements will not justify fee awards. Lumping-together services and failure to adequately specify how much time has been expended for each individual service is not acceptable for the Court's inspection and evaluation. The Court will, furthermore, deny Mr. Dubroff compensation for allowances. An order will be entered allowing Mr. Dubroff ten (10) days to amend his application in accordance with this Opinion.

■ Attached to this Opinion, are two (2) exhibits, "A" and "B", which are to serve as examples of acceptable and unacceptable applications for allowances. These exhibits will aid Mr. Sachs and Mr. Dubroff in amending their present applications. Exhibit "A" is an unacceptable application for allowances because the "subject matter" on the list of services is not specific and, furthermore, is lumped together. Attorneys must submit detailed analyses of the specific service they performed for each service claimed. Exhibit "B" is an acceptable application for allowances in accordance with this Opinion, the *Meade* Decisions, Rule 219 and Code Sections 329 and 330. It states each service and separates it from the others. Furthermore, it lists the times expended for each specific service in a detailed and concise manner. This serves as an example of the specificity and detail needed for this Court to accurately assess applications for allowances.

8. *Meade, supra*, 577 F.2d at 860 (1978).

9. *Meade, supra*, 577 F.2d 858 (1978); *In re Hotel Associates*, 10 B.R. 668 (Bkrtcy.E.D.Pa. 1981); *In re Hotel Associates*, 15 B.R. 487, (Bkrtcy.E.D.Pa.1981); *In re Harold and Jay Barsky*, 17 B.R. 396 (Bkrtcy.E.D.Pa.1982).

10. *Hotel Associates, supra*, 15 Bkrtcy. 487 (Bkrtcy.E.D.Pa.1981).

11. *In re Meade, supra*, 577 F.2d 858 (1978); *In re Hotel Associates, supra*, 15 B.R. 487 (Bkrtcy. E.D.Pa.1981); *In re Barsky*, 17 B.R. 396 (Bkrtcy. E.D.Pa.1982).

EXHIBIT   A

UNACCEPTABLE APPLICATION FOR ALLOWANCES

| DATE | ATTORNEY | SUBJECT MATTER | TIME EXPENDED |
|------|----------|----------------|---------------|
| 10/12/82 | xxx | Telephone conference with debtor, meeting with debtor and co-counsel, review of union contract and facts surrounding threatened strike . . . . . . . . . . . . . . | 6.5 hours |
| 10/14/82 | xxx | Telephone conference with co-counsel and debtor relative to factoring agreement and preparation of notice to 15 largest creditors.  Review of application with a creditor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2.7 hours |
| 10/16/82 | xxx | 6–T's (telephone calls) with A;  4–T's with B; discussion of research of a possible preference . . . . . . | 3.5 hours |
| 10/17/82 | xxx | Conference with debtor on background for filing and initiation of preparation of petition with CM and co-counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 8.0 hours |

EXHIBIT   B

ACCEPTABLE APPLICATION FOR ALLOWANCES

| DATE | ATTORNEY | SUBJECT MATTER | TIME EXPENDED |
|------|----------|----------------|---------------|
| 10/12/82 | xxx | Telephone conference with debtor concerning filing of petition under Chapter 11<br>9:00 A.M. to 10:00 A.M.  . . . . . . . . . . . . . . . . . . . . . . . | .5 hours |
| 10/12/82 | xxx | Meeting with debtor and co-counsel conceerning background of case for preparation of petition<br>1:00 P.M. to 4:00 P.M. . . . . . . . . . . . . . . . . . . . . . . . . . | 3.  hours |
| 10/12/82 | xxx | Review of union contract and facts surrounding threatened strike<br>4:15 P.M. to 4:45 P.M. . . . . . . . . . . . . . . . . . . . . . . . . | .5 hours |
| 10/14/82 | xxx | Telephone conference with co-counsel and debtor relative to factoring agreement<br>9:00 A.M. to 9:30 A.M.  . . . . . . . . . . . . . . . . . . . . . . . | .5 hours |
| 10/14/82 | xxx | Preparation of notice to 15 largest creditors<br>9:30 A.M. to 10:00 A.M.  . . . . . . . . . . . . . . . . . . . . . | .5 hours |
| 10/14/82 | xxx | Review of application with a representative of the creditors' committee<br>11:00 A.M. to 12:42 P.M. . . . . . . . . . . . . . . . . . . . . . . . | 1.7 hours |