**In re J & B DELIVERY CORPORA-
TION, Debtor.**

**NORMAN ACKERMAN, ESQUIRE,
Trustee, Plaintiff,**

**v.**

**George W. HUSTON, Jr., Defendant.**

**Bankruptcy No. 80–00818K.
Adv. No. 81–1380K.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Aug. 10, 1982.

Norman Ackerman, Philadelphia, Pa., trustee/plaintiff.

Richard E. Genter, Philadelphia, Pa., for defendant.

Edward J. Devery, Ridley Park, Pa., for debtor.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on a complaint to compel turnover filed by Norman Ackerman, Esquire, Trustee in the Chapter 7 Bankruptcy case of J & B Delivery Corporation. William G. Sablich, Jr., President of the J & B Delivery Corporation, filed a petition for voluntary relief under Chapter 7 of title 11 on April 18, 1980, and the Court appointed Norman Ackerman, Esquire, as Trustee. The plaintiff contends that it sold J & B Delivery Corporation to the defendant for $10,800.00, which included the businesses' goodwill, a 1974 truck, J & B deliveries' accounts receivables and furniture pads. The Trustee alleges to have attempted to collect from the defendant the unpaid balance of $7,500; but he has been unsuccessful. Evidence submitted by the defendant provided that the truck, when sold to the defendant, was titled in Sablich's name individually, and not as president of the corporation. A copy of the agreement for sale made between Sablich, president of the debtor corporation, and the defendant, was also submitted to the Court by the defendant, which was signed by William G. Sablich, Jr., individually. The issue involved in the case at bar is whether the agreement for sale executed by Sablich was made in behalf of the J & B Delivery Corporation (in which the estate would have an interest), or individually. This Court finds that the agreement, when looked at as a whole, evidences that it was executed by Sablich in the name of J & B Delivery Corporation. Judgment will be entered in favor of the trustee in the amount of $7,500, representing the unpaid balance of the purchase price.[1]

▮ Pennsylvania Corporate law, 15 P.S. § 402, provides as follows:

Any note, mortgage, evidence of indebtedness, contract, or other instrument of writing, or any assignment or endorse-ment thereof, executed or entered into between any corporation organized or doing business within the Commonwealth and any other person, copartnership, association, or corporation, when signed by the president or vice-president and secretary or treasurer of such corporation, shall be held to have been properly executed for and in behalf of such corporation. 1925, May 12, P.L. 615 § 2.

Pennsylvania law furthermore provides in relevant part in 15 P.S. § 1305:

. . . . . Any form of execution provided in the by-laws to the contrary notwithstanding, any note, mortgage, evidence of indebtedness, contract, or other instrument of writing, or any assignment or endorsement thereof, executed or entered into between any corporation and any other person, copartnership, association or corporation, when signed by the president or vice president and secretary or assistant secretary or treasurer or assistant treasurer of such corporation, shall be held to have been properly executed for and in behalf of the corporation. Except as otherwise required by act of Assembly, the affixation of the corporate seal shall not be necessary to the valid execution, assignment or endorsement by a domestic or foreign business corporation of any instrument in writing. 1933, May 5, P.L. 364, art. 111, § 305; 1966, Jan. 18, P.L. (1965) 1305, § 13.

Although William G. Sablich, Jr., did not provide this Court with the by-laws of J & B Delivery Corporation, and even though the agreement of sale was signed by William G. Sablich, Jr., individually, a contract by a corporate officer or agent need not be made and signed in the name of the corporation if it was the intention of the parties to bind the corporation. *MacDonald v. Winfield Corporation*, 82 F.Supp. 929, D.C.Pa. (1949). Evidence of the intention of the parties to bind J & B Delivery Corporation and not William G. Sablich, Jr., indi-

---

1. This Opinion constitutes the findings of fact and conclusions of law in accordance with Rule 752 of the Rules of Bankruptcy Procedure.

vidually, can be elicited from the agreement itself,[2] which states as follows:

> Agreement made this _____ day of September, 1979 by and between William G. Sablich, Jr., hereinafter referred to as the Seller, and George W. Huston, Jr., hereinafter referred to as the Buyer.
>
> WHEREAS, Seller is engaged in the delivery business as J & B Delivery Corporation, a Pennsylvania Corporation and Buyer is desirous of purchasing the said business, equipment and goodwill; ...

These clauses provide and establish that the Seller, William Sablich, Jr., is engaged in the delivery business trading as J & B Delivery Corporation and evidences that it is the corporation which is to be sold by Sablich, President of the Corporation, who, along with his wife, Joanne, are the sole stockholders of J & B Delivery Corporation. It is not contested that William G. Sablich, Jr., has the authority to sell the corporation, but what is contested is the manner in which he signed the agreement. Pennsylvania case law has held that a contract between corporations is not rendered illegal because the execution clause fails to indicate the titles or offices of the parties signing where the instrument itself designates the offices of the signers and the corporate seal is attached. *Union National Bank of Pittsburg v. Dillsburg Borough Authority*, 81 D & C 404 (1953). In the instant case, the agreement of sale, as noted above, does in fact refer to Sablich as President, and a seal was attached.

■ Furthermore, Pennsylvania Law has held that a corporation is a legal entity separate and distinct from its stockholders, directors and officers, and such corporate entity must be upheld unless specific unusual circumstances call for an exception. *Vespe Contracting Co. v. Anvan Corp.*, 433 F.Supp. 1226 (D.C.Pa.1977); *George A. Davis, Inc. v. Camp Trails Co.*, 447 F.Supp. 1304 (D.C.Pa.1978).

■ As a result, this Court holds that the agreement meets 15 P.S. § 402 and 15 P.S. § 1305 in that Sablich did have the authority to sell these assets of J & B Delivery Corporation. This Court further finds that the agreement for sale was executed with the intentions of both Sablich and Huston to sell the assets of J & B Delivery Corporation, and that the signature of Sablich, although not signed by him as President of J & B, was sufficient to bond the corporation because Sablich's official title was stated in the agreement. Under Pennsylvania Statutes, a contract signed by the President and Secretary or certain other general officers must be held to have been properly executed for and in behalf of the corporation. *Integrity Trust. Co. to Use of Integrity Trust Co. v. Nestor Building & Loan Assoc.*, 14 A.2d 331, 340 Pa. 216 (1940).

■ Pennsylvania contract law also holds that when a contract is susceptible of an interpretation making it lawful and one making it unlawful, the interpretation making it lawful is preferred. *Rau v. Wilkes-Barre & E. R. Co.*, 167 A. 230, 311 Pa. 510 (1933). The preference of the courts is for the construction which gives a reasonable, lawful, and effective meaning to all manifestations of the parties' intentions. *Rothstein to Use of H. Rothstein & Sons v. Jefferson Ice Mfg. Co.*, 137 Pa.Super. 298, 9 A.2d 149 (1939); *Armstrong v. Standard Ice Co.*, 129 Pa.Super. 207, 195 A. 171 (1937). As a result, it is the duty of this Court to carry out what it determines to be the parties' intentions.

Norman Ackerman, Esquire, also requested at trial that he be compensated for attorney's fees totalling $540.00 for services rendered in behalf of the Debtor-Corporation, as provided in the agreement of sale.[3]

---

2. The agreement referred to is Defendant's exhibit No. 1.

3. The agreement of sale, paragraph 7, marked as Defendant's Exhibit No. 1, provides:

.... In consideration for Buyer's right to pay the contract price of Ten Thousand Eight Hundred Dollars ($10,800.00) in monthly installments of Three Hundred Dollars ($300.00) on the first day of each consecutive month commencing with November 1, 1979, Buyer hereby agrees that if the monthly amount due under this contract remains unpaid for sixty (60) days past the date upon which the same is due under this contract, Buyer hereby empowers any Prothonotary, Clerk of Court or attorney of any Court of Record to appear for Buyer in any and all

This request was made at trial. Rule 7(b)(1) of the Federal Rules of Civil Procedure, as incorporated by the Rules of Bankruptcy Procedure, allows motions to be raised at trial.[4] The Trustee, however, has failed to adequately detail, for the Court, those services provided for the J & B Delivery Corporation. As a result, the Court grants Norman Ackerman, Esquire, Trustee in the above-captioned case, ten (10) days to amend his motion for attorney's fees in accordance with the specificity that this Court requires.[5]

actions which may be brought for said arrears of monthly payments due under this contract, and/or to sign for Buyer an agreement for entering in any competent court an amicable action or actions for the recovery of the said amounts due and payable under this contract, and in said suits or in said amicable action or actions to confess judgment against Buyer for all aforesaid payments due under this contract plus interests and costs, together with an attorney's commission of five percent (5%).

4. Federal Rule 7(b)(1) provides:
. . . . . (1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

5. *In re Meade Land and Development Co., Inc.*, 577 F.2d 858 (1978); *In re Hotel Associates*, 10 B.R. 668 (Bkrtcy.E.D.Pa.1981); *In re Hotel Associates*, 15 B.R. 487 (Bkrtcy.E.D.Pa.1981); *In re Barsky*, 17 B.R. 396 (Bkrtcy.E.D.Pa.1982) and *In re Nation/Ruskin Inc.*, 22 B.R. 207 (Bkrtcy.E.D.Pa.1982).