In re ART SHIRT LTD., INC., Debtor.

(Jointly Administered with: The Cracker Barrel Dresses, Ltd., Bankruptcy No. 80–03429K, Richard Todd, Inc., Bankruptcy No. 80–03430.)

Bankruptcy No. 80–03428K.

United States Bankruptcy Court, E.D. Pennsylvania.

May 27, 1983.

Jay Ochroch, Philadelphia, Pa., for debtor.

Louis W. Fryman, Philadelphia, Pa., for trustee.

Marvin Krasny, Philadelphia, Pa., for trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case comes before the Court on the second amended application by counsel for the debtor for compensation under § 330 of the Bankruptcy Code. The two (2) prior applications did not provide this Court with sufficient information to justify an award of counsel fees, therefore, the Court directed counsel to amend the application. Before us is a third, largely unsatisfactory application. Before directing the filing of further amendments, we will review the application and make such allowances as are proper.[1]

## I. FINDINGS OF FACT

In order to facilitate review of this application, the Court will examine the contents of the time records for specific personnel.

*A. Lesley A. Apt.—11.3 hours; $21.50 fee*

■ No allowance can be made for Ms. Apt's services. The breakdown of her time is vague and unrelated to any specific service rendered to the Debtor. For example, 3 hours were spent on "Legal Research Bankruptcy Code". While the Court encourages research, we do not find it to be unduly burdensome to require counsel to set forth what the topic of the research was

1. This Opinion constitutes Findings of Fact and Conclusions of Law as required by Bankruptcy

and how this task relates to the case at bench.

*B. Edward J. Hayes—.4 hours; $26.00 fee*

■ No allowance can be made for Mr. Hayes' services. A total of .4 hours is claimed for a conference. Unfortunately, the nature of this service is not revealed.

*C. Robert C. Jacobs—.6 hours; $57.00 fee*

■ This request is also disallowed. It reads, *in toto:*

–CR—Legal Research § 351 IRS Code Impairment Bankruptcy Tax Reform Act

Apparently, the Court can infer that research of some sort was performed. The entry, however, does not set forth the subject or the relation to the debtor.

*D. Norman Leibovitz—11.4 hours; $1,254.00 fee*

■ This request will be allowed in part. This application is largely composed of entries such as:

—Miscellaneous Chapter 11 matters
—Conference with—Chapter 11—Conference with D. Schiro

These entries are so vague and devoid of information that they must be disallowed. The remainder of the fee request is satisfactory. In conclusion, the Court will allow a fee of $418.00 based on 3.8 hours of appropriately itemized legal services.

*E.M. Constance LeMay—.5 hours; $17.50 fee*

The Court will allow this request.

*F. Barry Levin—137.2 hours; $12,418.00 fee*

■ A large portion of this fee request must be disallowed. A total of 24.7 hours will be disallowed on the basis that numerous services have been lumped together in one request. For example:

—Prepare conference with Jay G. Ochroch, prepare petition. CBRT file, conference with Sidney Schiro

Rule 752 of the Rules of Bankruptcy Procedure.

Travel to Court to file

Counsel asserts that these services consumed 7.7 hours of time. While this is certainly possible, the individual services must be broken down. This itemization provides the Court with no guidance to evaluate the time and effort spent by counsel on these services. In addition, the above entry lacks a sufficient description of services. For example "CBRT file" is a mystery to us. Also, "Prepare Petition" has a certain air of mystery because counsel did not enlighten the Court as to what type of petition was being prepared.

■ The Court will also disallow 17 hours of professional services on the basis that the entries for which services are claimed do not have sufficient itemization to justify an award. For example:

—Conference with Dick Schiro
—Telephone from Dick
—Conference with Jay Ochroch

While it is most probable that topics of importance were discussed at these meetings, the application does not provide this Court with any basis to justify an award. It does not appear to be overly onerous for Counsel to clearly and concisely set forth the nature of conferences and phone calls. Indeed, this is often set forth in other areas, such as:

—Letter to Marvin Krasny Re:
  Gary Ramer charges
—Conference with Dick Schiro Re:
  Company Operations

These entries briefly set forth the nature and substance of the individual legal service. The absence of such information must cause this Court to disallow the aforementioned entries.

In conclusion, we will disallow a total of $3,753.00 of this fee request on the basis that 41.7 hours for which compensation is claimed does not find support in the application. A fee of $8,665.00 will be allowed.

*G. Kathleen A. McDonnell—33.4 hours; $1,837.00 fee*

■ This request was largely satisfactory. Only 3.6 hours; for a total dollar amount of $198.00, will be disallowed. The major component here was an entry which read:

—Review of File and Notice of Testimony

*H. Lawrence Michaels—.3 hours, $30.00 fee*

This fee will be allowed.

*I. Jay G. Ochroch—89.1 hours; $10,410.00 fee*

A total of 41 hours will be disallowed of this fee request. Numerous entries on this application do not provide the Court with a logical basis to make an award of counsel fees:

—Review Pension Corrected Releases
—Review—Barry J. Levin, Plaintiff Krasny—Review of Motion
—Conference with Jerry November to Court with Judge King

These entries are so vague that they defy interpretation. A total of 15.3 hours will be disallowed on this basis.

An additional 17 hours will be disallowed on the basis that counsel has impermissibly lumped several services together in one entry:

—Telephone to Adelman and Conference with R. Schiro, Barry J. Levin—Conference with R. Schiro, Barry J. Levin, Kathy McDonnell—call to Horowitz

The remainder of the deductions are premised on the fact that counsel has failed to indicate the nature of the professional service rendered. The Court also notes that this problem occurs frequently in other entries which have been disallowed on other bases.

■ Finally, the Court notes that on March 17, 1981, an award of fees is claimed for an appearance *before the Court* for the § 341 creditors' meeting. The Bankruptcy Court, however, is prohibited from presiding at the meeting of creditors. 11 U.S.C. § 341(c). This request will be disallowed.

The Court finds a total 48.1 hours will be allowed for a fee of $5,631.50.

*J. Abraham C. Reich—.2 hours; $17.00 fee*

This request will be allowed.

*K. Mark L. Silow—1.5 hours; $971.00 fee*

Of this request, one hour will be allowed at the rate of $65.00 per hour. One entry seeks compensation for:

—Draft—Plan Termination Filing Execution

Because this entry is impossible to understand, it will be disallowed.

## II. DISCUSSION

We can best explain the above rulings by quoting well-established and long-standing authority. The Court of Appeals for the Third Circuit has held as follows:

We have in the past required attorneys seeking payment for their services to provide accurate records of the amount of time spent and the manner in which it was spent. In *In re Roustabout*, 386 F.2d 354 (3rd Cir.1967), for example, we reduced a $15,500 award of attorneys' fees to $10,000, in part because the attorney's claim of time spent had not been substantiated by specific time records. Similarly, in *in re Imperial "400" National*, 432 F.2d 232 (3d Cir.1970), a case involving an application for interim fees in a Chapter X proceeding, we reversed the district court's award of fees and remanded the case for further consideration, noting the impossibility of rendering an appropriate decision in the absence of adequate time records. Cf., *Lindy Bros. Builders v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir.1973).

. . . . .

We stress that it is the attorney's obligation to keep and submit to the court time records supporting an application for compensation. And, absent unusual circumstances, it is the court's independent obligation to give credit only where there are such supporting documents, even in cases where no interested parties raise objections to the claim.

*In re Meade Land and Development Co., Inc.*, 527 F.2d 280, 283 (3d Cir.1975).

This Court has written numerous Opinions concerning the requirements which must be set forth in an application for approval of counsel fees. In general, we have stated as follows:

Traditionally, Bankruptcy administration has been a matter of continuing concern. This concern has led to an increasing recognition of the necessity for close judicial control of these cases. The Rules of Bankruptcy Procedure stress that allowances for compensation are not solely exercises of the Court's discretion, but that there is a great need for detail in the fee application process.[2] Such detailed disclosure is a safeguard against roundabout depletions of the estate to the detriment of creditors. Bankruptcy Rule 219(c) directs the Court to allow reasonable compensation in awarding attorney's fees by giving . . . "due consideration to the nature, extent, and value of the services rendered as well as to the conservation of the estate and the interests of creditors". Although the Code's emphasis is placed less on economy of the estate, and more on insuring the quality of counsel, conservation of the estate is still emphasized as an important consideration.[3]

Rule 219(b) provides . . .

"A person seeking compensation for services, or reimbursement of necessary expenses from the estate, shall file with the court an application setting forth a detailed statement of (1) the services rendered and expenses incurred, and (2) the amounts requested".

Furthermore, § 329(a) of the Bankruptcy Code provides . . .

"Any attorney representing a debtor in a case under this, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of compensation paid or agreed to be paid . . . "

We are convinced that Rule 219(b) governs this type of detailed statement required in a bankruptcy proceeding. This viewpoint is supported by the fact that the Code, though not accompanied by new rules, anticipates the advent of new rules.[4] Until such rules are forthcoming, however, the present Federal Rules of Bankruptcy Procedure will apply so long as they are not inconsistent with the provisions of the Code.[5] It is clear to this

Court that Rule 219(a) is not inconsistent with the provisions set forth in § 329 of the Code. Therefore, Rule 219(a) and case law interpreting this rule must be followed in a proceeding commenced under the Code.

*In re Nation-Ruskin,* 22 B.R. 207, 209 (Bkrtcy.E.D.Pa.1982). (footnotes in original).

The requirement that counsel adequately explain time entries for which compensation is sought has been addressed by this Court.

As a general matter, to allow unsupported entries to be passed by the Court would be unsound policy. The allowance of compensation on an hourly basis seems to favor verbose, unprepared, and dilatory attorneys. Therefore, detailed fee applications are required by the Bankruptcy Court. Such an application insures that the debtor's estate is not dissipated on legal fees in a situation where the services rendered for these fees do not necessarily benefit the estate or, the amount requested for such services is clearly in excess of the reasonable value of the services to the debtor's estate. For example, one attorney may choose to settle litigation in a few hours while other counsel may litigate the case to the last gasp and thereby feel entitled to a substantial legal fee from the debtor's estate. If the results reached by these hypothetical attorneys are similar, the Court fails to understand why the second attorney should receive a much greater fee merely because of the amount of time spent on the case. In any application for counsel fees, the primary concern of the Court must be the benefit which the estate derived from the professional services.

*The Court does not require a fee application the size of a boring victorian novel.* However, in light of the fact that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors, *the Court believes that a justification of such fees in the application for compensation is not an overly burdensome task.*

In this particular case, 22.5 hours have been disallowed because the Court has not been provided with a sufficient basis to justify the amount of time in question. *The Court feels that the burden is on the attorney seeking compensation to establish the amount. The Court will not delve through the record of an extensive case such as this one, in order to justify legal fees which counsel has not adequately documented in his application.* (emphasis added)

*In re Hotel Associates, Inc.,* 15 B.R. 487, 488 (Bkrtcy.E.D.Pa.1981).

We have defined the standard that must be applied to determine if the request for fees is supported by adequate information.

Our mandate in this matter is clear: definitive time records are prerequisite to other more subjective inputs to our evaluation.... The Court of Appeals requires us to calculate our fee award on the basis of "adequate records" ... *Our definition of an adequate record is one which provides, at a minimum, a date, the number of hours spent, as well as the hours of the day spent on a task that date, ... and a short concise statement of the task—for each task.* (emphasis added).

*In re Meade Land and Development Co., Inc.,* 69–357WK; affirmed on appeal, 577 F.2d 858 (3rd Cir.1978).

This Court has consistently held that it is impossible to justify an award of fees when counsel has lumped several services together under one entry. *Meade, supra; In re Barsky,* 17 B.R. 396 (Bkrtcy.E.D.Pa.1982). In *Barsky,* we stated as follows:

Mr. Sachs has lumped together many of the legal services that he claims to have performed for the debtor in his itemized schedule, in that three or four services appear under one general time expenditure. As a result, it is impossible for the Court to accurately determine what services were rendered. This Court is not permitted to speculate as to how much time has been expended to perform each of the itemized services.[8] Thus, the lumped-together portions of Co-Counsel Sach's application for allowances must be disallowed for failure to document the

services performed with the degree of specificity required by this Court.[9]

. . . .

Mr. Dubroff has neglected to meet the *Meade* requirements of adequately documenting, with specificity, the services provided to the debtor. General statements will not justify fee awards. Lumping-together services and failure to adequately specify how much time has been expended for each individual service is not acceptable for the Court's inspection and evaluation.

*In re Nation-Ruskin, Inc.,* 22 B.R. 207, 210 (Bkrtcy.E.D.Pa.1982). (footnotes in original).

## III. CONCLUSION

An Order will be entered allowing Fox, Rothschild, O'Brien & Frankel, Counsel for the Debtor, the sum of $16,491.50 as compensation for professional legal services and $59.84 as reimbursement for costs. We will permit further amendment of the fee application in accordance with this Opinion. Counsel will be allowed ten (10) days to review this Opinion as well as our notations on the fee application and to file a third amended application.