**In re Robert KAUFMAN, Debtor.**

**Bankruptcy No. 81–03864G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Dec. 13, 1983.

George Willner, P.C., King of Prussia, Pa., Former counsel, Howard Gershman, Blue Bell, Pa., for debtor, Robert Kaufman.

Samuel Brodsky, Philadelphia, Pa., Trustee.

## MEMORANDUM OPINION

EMIL F. GOLDHABER, Bankruptcy Judge.

There are three issues before me, each raised by the debtor's former counsel. Firstly, the debtor's former counsel objects to the debtor's motion to transfer this case to the United States Bankruptcy Court for the District of Arizona, where the debtor now resides. Secondly, the debtor's former counsel asks us to order the trustee to determine whether the debtor should be discharged. And thirdly, the debtor's former counsel asks that he be awarded counsel fees of $2,980.00.

The facts of this case are as follows:[1] On September 1, 1981, the debtor's former counsel filed a petition for the adjustment of the debtor's obligations under chapter 13 of the Bankruptcy Code. A 341 meeting was duly convened at which the debtor was examined. However, when confirmation of the chapter 13 plan was denied, the case was converted to chapter 7 and numerous 341 meetings were convened at which the debtor was further examined. The need for any added examination therefore appears from the record to be unnecessary and, with the exception of the discharge hearing mandated by § 524(d) of the Bankruptcy Code, the need for further appearances before this court will be unneeded. Accordingly, we will deny the general transfer of this case to Arizona, but will transfer it only for the special purpose of obtaining compliance with the discharge provisions of § 524(d).

Debtor's former counsel also seeks an order directing the debtor's trustee "to examine the acts and conduct of the debtor herein as to grounds for the denial of discharge pursuant to 11 U.S.C. § 727(c)(2)." Counsel avers that his former client, "with intent to hinder, delay and defraud the petitioner and the trustee of the estate, has transferred, removed, and concealed property of the estate after the date of the filing of the instant voluntary petition." He also alleges that the debtor (his client) has concealed, destroyed and failed to keep "certain records from which the debtor's business transactions might be ascertained." We are shocked at the ethical implications involved in counsel's accusations against his former client. We think it is clear that it is the duty of a lawyer to preserve his client's confidences and this duty outlasts the lawyer's employment. We think that the lawyer's accusations may subject him to severe sanctions.

Debtor's former counsel also asks the court to direct the trustee to examine the debtor's acts to establish grounds for a denial of the debtor's discharge. He cites 11 U.S.C. § 727 which provides that:

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

(2) On request of a party in interest, the court may order the trustee to examine the acts and conduct of the debtor to determine whether a ground exists for denial of discharge.

However, we do not construe the debtor's former counsel to be a "party in interest." True, he is owed a fee by the debtor. But that debt is a post-petition liability and § 101(9) defines a creditor to mean an

(A) entity that has a claim against a debtor that arose at the time of or before the order for relief concerning the debtor.

The services rendered by the debtor's former attorney (as set forth in his application for compensation) were all rendered *post*-petition. Hence, we find him not to be a "party in interest" and will deny the application to direct the trustee to "determine" whether a ground exists for denying the debtor's discharge.

It should be noted that all of the debtor's creditors received notices, mailed by the Clerk of the Bankruptcy Court, advising them that they must file complaints objecting to the debtor's discharge by December 1, 1983. No such complaints were filed. Hence it would appear pointless to direct the trustee to examine the debtor's acts to determine whether the debtor should be discharged.

Finally, debtor's former counsel requests that the court award him a fee of $2,980.00. Since counsel's application fails to comply with the requirements of *In re Meade Land & Development Co., Inc.,* 527 F.2d 280 (CCA3, 1975), the application will be denied, subject to reconsideration if and when counsel complies with the mandate of *Meade Land.*