**In re ALAN I.W. FRANK CORPORATION, Debtor.**

**Bankruptcy No. 81–02080G.**

United States Bankruptcy Court, E.D. Pennsylvania.

March 19, 1987.

See also, 19 B.R. 41.

Lawrence J. Lichtenstein, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for successor trustee.

Robert Szwajkos, Rubin, Quinn & Moss, Philadelphia, Pa., for Official Creditors' Committee.

### MEMORANDUM

BRUCE FOX, Bankruptcy Judge:

Before me is the supplemental final application of Mesirov, Gelman, Jaffe, Cramer & Jamieson ("Mesirov"), counsel for the successor trustee in this chapter 11 case, for allowance of compensation and reimbursement of expenses. *See* 11 U.S.C. § 330. The application covers the period October 24, 1984 through August 26, 1986.

---

Mesirov requests $9,293.00 in counsel fees and reimbursement of expenses of $383.96. I will allow Mesirov counsel fees in the amount of $5,274.55 and I will deny the reimbursement request at this time without prejudice to Mesirov's right to resubmit the request in accordance with the requirements set out below.

Mesirov has submitted a lengthy, fairly detailed description of its activities in support of its application. *See In re Meade Land Development Co.*, 527 F.2d 280 (3d Cir.1975). Upon review of the application, I have concluded that a number of activities are not compensable, at least in part.

The most substantial deduction I have made with respect to Mesirov's request is for time spent preparing and prosecuting its fee application. The compensability of such activity under the Bankruptcy Code is an issue which has divided the courts. *Compare In re Nucorp Energy, Inc.*, 764 F.2d 655 (9th Cir.1985); *In re Bible Deliverance Evangelistic Church*, 39 B.R. 768 (Bankr.E.D.Pa.1984) *with In re Mansfield Tire & Rubber Co.*, 65 B.R. 446 (Bankr.N.D.Ohio 1986); *In re Four Star Terminals, Inc.*, 42 B.R. 419 (Bankr.D.Alaska 1984). ■ Recently, in this district, Judge Scholl has held that absent extraordinary circumstances, counsel may not be compensated for time spent preparing and prose-cuting fee applications. *In re Shaffer-Gordon Associates, Inc.*, 68 B.R. 344 (Bankr.E.D.Pa.1986). *See also In re Beck-Rumbaugh Associates, Inc.*, 68 B.R. 882 (Bankr.E.D.Pa.1987) (time spent prosecuting fee petition allowable due to overly zealous opposition). I agree with the result reached in *Shaffer-Gordon*. In my view, counsel fees in bankruptcy cases are most comparable to fee awards in "fund-in-court" cases. *See In re Paolino*, 71 B.R. 576, 584 (Bankr.E.D.Pa.1987). Since the Third Circuit has long held that time spent on fee petitions in such cases are not compensable, *e.g., In re Fine Paper Antitrust Litigation*, 751 F.2d 562 (3d Cir.1984); *Lindy Brothers Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102 (3d Cir.1976), I similarly conclude that such activity is not compensable under the Bankruptcy Code.

■ In addition, modest deductions have been assessed for time spent on intra-office conferences,[1] time spent on "case status" or "file review," and for excessive time expended on particular activities.[2] I note, however, that I have allowed all attorneys in the Mesirov firm the hourly rate they have requested in the fee application.[3]

Set forth below is a summary of the fee award:

| | Hours Requested | Hours Allowed | Fee Requested | Fee Allowed |
|---|---|---|---|---|
| Lawrence J. Lichtenstein, Esq. | 11.7 | 9.8 | $2,289.00 | $1,817.50 |
| Claudia F. Springer, Esq. | 10.9 | 3.5 | $ 921.50 | $ 296.75 |

1. Due to the inherent danger of duplication in intra-office conferences, bankruptcy courts have often reduced the number of compensable hours in fee applications for time spent in such activities. *Compare In re American International Airways, Inc.*, 47 B.R. 716, 724 (Bankr.E.D.Pa. 1985) (in absence of showing why conference was essential to management of case, counsel cannot receive full compensation); *In re Watson Seafood and Poultry Co.*, 40 B.R. 436, 443 (Bankr.E.D.N.C.1984) conference time denied without showing of "justification") *with In re Henning*, 52 B.R. 350, 352 (Bankr.D.S.D.1985) (lodestar reduced 25% in part due to consultations between attorneys); *In re General Oil Distributors, Inc.*, 51 B.R. 794, 802 (Bankr.E.D.N.Y. 1985) (compensable hours reduced 30% due to numerous conferences); *In re Coastal Equities,*

*Inc.*, 39 B.R. 304, 311 (Bankr.S.D.Cal.1984) (conference time cut by 50%); *In re Idak Corp.*, 26 B.R. 793, 803 (Bankr.D.Mass.1982) (in case handled by large firm, associates time cut from 6100 hours to 5600 hours in part because amount of conference time exceeded "bounds of reasonable efficiency and productivity"). In this case, I have reduced the number of compensable hours for conference time by one-half.

2. *See, e.g., Matter of Combined Croft Corp.*, 58 B.R. 819, 822 (Bankr.W.D.Wisc.1986).

3. I have, however, reduced the hourly rate of the paralegals to a maximum of $50.00 per hour. *See Daggett v. Kimmelman*, 811 F.2d 793, 799–800 (3d Cir.1987).

|  | Hours Requested | Hours Allowed | Fee Requested | Fee Allowed |
|---|---|---|---|---|
| K. Mitchell Posner, Esq. | 7.5 | 6.5 | $ 600.00 | $ 520.00 |
| James P. Malone, Jr., Esq. | 0.5 | 0.4 | $ 33.00 | $ 26.50 |
| Todd E. Solodar, Esq. | 56.2 | 22.9 | $3,372.00 | $1,338.80 |
| Christina W. Quinn, Paralegal | 25.5 | 19.3 | $1,272.00 | $ 915.00 |
| Donna S. Dalessandro, Paralegal | 4.7 | 3.1 | $ 305.50 | $ 155.00 |
| Stanley V. White, Legal Assistant | 15.7 | 6.5 | $ 500.00 | $ 205.00 |
| Total | 132.7 | 72 | $9,293.00 | $5,274.55 |

Finally, Mesirov seeks reimbursement of $383.96 in expenses. Because Mesirov has not particularized which expenses are related to compensable activities and which are related to the preparation of the fee application, I will not allow any of the expenses at this time. *See In re Paolino*, at 582. *See generally In re American International Airways, Inc.*, 47 B.R. 716, 725 (Bankr.E.D.Pa.1985).[4]

An order consistent with this memorandum will be entered.

**4.** I note that Mesirov has itemized charges totalling $63.89 for "word processing." In the absence of extraordinary circumstances, secretarial services (which in modern law firms routinely includes word processing facilities) is part of counsel's overhead and is not reimbursable as an expense. *See In re Jensen-Farley Pictures, Inc.*, 47 B.R. 557, 584 (Bankr.D.Utah 1985).