**In re the GEORGE WORTHINGTON COMPANY, Debtor.**

**Bankruptcy No. B86–2974.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

Aug. 14, 1987.

Alan R. Lepene, Thompson, Hine & Flory, Cleveland, Ohio, for debtor, D.I.P.

William A. Hirsch, Morrison, Hecker, Curtis, Kruder and Parrish, Kansas City, Mo., Special Counsel to debtor, D.I.P.

Dennis M. O'Dea, Keck, Mahin & Cate, Chicago, Ill., Official Creditors' Committee.

Ronald Peterson, Jenner & Block, Chicago, Ill., for Creditors' Committee c/o Dennis M. O'Dea.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The several matters before the Court comprise various applications for allowance of interim fees and expense reimbursements pursuant to 11 U.S.C. § 331. Upon hearing, with due notice having been made upon parties entitled thereto, the following constitutes the Court's findings pursuant to Rule 7052, Bankruptcy Rules:

These applications constitute core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A).

*Application of Thompson, Hine and Flory*

Applicant seeks an allowance of interim compensation in the amount of $212,107.25, in addition to expense reimbursements totalling $7,930.54. The aforesaid amounts are requested for the application period of September 9, 1986 through February 28, 1987, and constitute an initial request for compensation and expense reimbursement. In reaching a determination of reasonable compensation, the Court has reviewed in detail the subject application with supporting documentation, in addition to the representations of counsel.

█ Factors considered in establishing reasonable compensation were inclusive of the time and labor required; the novelty and difficulty of issues encountered; the skill necessary to perform the services properly; the preclusion of other employment; the customary fee; time limitations imposed; the amounts involved and the results obtained; the applicant's experience, reputation and ability; the nature and length of the professional relationship with the client; and awards in similar cases. *See, Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974); *In re Cle-Ware Indus., Inc.*, 493 F.2d 863 (6th Cir.1974); *cert. denied*, 419 U.S. 829, 95 S.Ct. 50, 42 L.Ed.2d 53 (1974); *Murphy v. Intn'l. Union of Operating Engineers*, 774 F.2d 114 (6th Cir.1985); *cert. denied*, 475 U.S. 1017, 106 S.Ct. 1201, 89 L.Ed.2d 315 (1986). In view of these several factors, principal attention is given to the quantity, quality and results achieved.

Herein, a total of 1,843.25 hours were reportedly expended for professional services rendered at an average hourly rate of $115.07 per hour.

█ Upon examination of the professional services rendered, it is noted that the Debtor's petition for relief under Chapter 11 was filed on September 24, 1986; however, the Applicant's professional services are invoiced as of September 9, 1986. Professional services provided to a debtor prepetition are not compensable pursuant to 11 U.S.C. § 330 or 11 U.S.C. § 331. Such prepetition services are general unsecured debts and are to be treated accordingly. Specifically, 216 hours of prepetition professional services were charged. Even where it is permissible under § 1107(b) for an attorney to represent a debtor prepetition and such representation continues postpetition, accrued prepetition billings are not compensable within the context of § 331 of the Code [11 U.S.C. § 331]. The Applicant was appointed to serve as debtor's counsel on September 24, 1986. Accordingly, compensation sought for the 216 hours rendered prepetition is disallowed.

█ Compensable professional services under § 331 are adjudged by the same standards set forth under § 330 of the Code. Under § 330, reasonable compensation is allowable for actual and necessary services rendered which are beneficial to

the debtor's estate. Although the services rendered by the Applicant were substantial during the subject application period, the charges, generally, were excessive. Examination of the Applicant's supporting documentation reveals an inordinate amount of unsubstantiated inter-office conferencing, and in some instances, there was dual invoicing for inter-office conferencing. Inter-office conferencing is not compensable without an explicit explanation for the necessity of such conferencing. *In re Nashville Union Stockyard Restaurant*, 54 B.R. 391, 396 (Bankr.M.D.Tenn.1985). Further, the Applicant's deployment and charge for fifty-seven (57) professionals and paraprofessionals to the debtor's estate is particularly excessive. This practice is especially questionable in view of the fact that the Applicant represented the Debtor for more than fifty years prepetition.[1] Moreover, the Applicant represented at the hearing that a significant portion of the subject billing was unrelated to the debtor's bankruptcy proceeding.[2]

 Rule 2016 of the Bankruptcy Rules requires an applicant seeking interim or final compensation for services from the estate to provide a detailed statement of the services rendered, time expended and expenses incurred, and the amounts requested. To a significant degree, much of the Applicant's services were lumped together with an attendant charge for the lumped services. Such lumping creates difficulty for the Court to discern what charges were made for specific services rendered. The burden is on the applicant to clearly and explicitly set forth and support its application. *In re Cumberland Bolt & Screw, Inc.*, 44 B.R. 915, 917 (Bankr.M.D.Tenn.1984). Multiple services lumped together under a single time/charge entry are of minimal assistance to the Court in determining reasonable compensation. *In re Art Shirt Ltd., Inc.*, 30 B.R. 318 (Bankr.E.D.Pa.1983); *In re Hamilton Hardware*, 11 B.R. 326 (Bankr.E.D.Mich.1981).

 Accordingly, an allowance of $149,422.87, applied against the $100,000.00 retainer, is hereby awarded as interim compensation for the subject application period, with twenty (20%) percent of such award withheld pending an award of final compensation.

 Generally, the Applicant's itemized expenses for which it seeks reimbursement are reasonable and are set forth in adequate detail, however, the statutory filing fee for a bankruptcy petition is a nonreimbursable expense to the debtor's estate. Where the applicant advanced funds to its client prepetition for the purpose of defraying the filing fee, such is deemed to be a general unsecured claim. Accordingly, the subject $200.00 filing fee herein is nonreimbursable and an award of $7,730.54 is made for reimbursement of expenses reasonably incurred for the benefit of the Debtor's estate during the application period.

*Application of Dennis M. O'Dea and Keck, Mahin & Cate (KM & C):*

 KM & C, duly appointed counsel for the Official Creditors' Committee, seeks an allowance of interim compensation for professional services rendered pursuant to § 331 of the Code for the application period of October 9, 1986 through April 27, 1987. Specifically, KM & C seeks $15,030.00 for legal fees and $4,726.33 in reimbursed expenses, for a total interim allowance of $19,806.33. During the subject period KM & C expended 89.25 hours at an average hourly rate of $106.67.

In determining reasonable compensation for professional services rendered, the above-mentioned evaluative criteria articulated in *Johnson, supra*, were applied herein. To the extent that the several work activities of KM & C could be understood, they generally were reasonably made and were necessary for the benefit of the Debtor's estate. There were, however, numerous instances of lumped activities. As stat-

---

**1.** Applicant is a prepetition unsecured Creditor of the Debtor with a scheduled debt of $142,254.32.

**2.** A supplement to the application allocates a total fee of $133,379.50 for bankruptcy matters and $78,727.75 for nonbankruptcy matters.

ed above, this practice of lumping leaves the Court without an ability to determine what specific fee and time allocation was assessed to each of the lumped activities. *See, Art Shirt, Ltd., supra; Hamilton Hardware, supra.* Otherwise, the subject application was sufficiently compliant with Bankruptcy Rule 2016.

Accordingly, an allowance of $12,000.00 is hereby awarded and approved for distribution and is to be applied against the previously received retainer of $10,000.00. Additionally, an award of $4,571.83 is hereby awarded and approved for distribution as reimbursement for expenses. $154.50 for "staff overtime" is disallowed. Such a charge should more properly be reflected in the applicant's overhead.

*Application of Jenner & Block (J & B):*

Ronald Peterson of J & B initially appeared on behalf of the Official Creditors' Committee (Committee). Subsequently, the Committee elected Dennis O'Dea of KM & C to represent its interest. Herein, J & B seeks final compensation, pursuant to § 330 of the Code, for the services it provided on behalf of the Committee during the application period of October 2, 1986 through October 31, 1986.

Applying the aforementioned *Johnson* factors to J & B's application, final compensation is hereby awarded and approved for distribution in the amount of $2,500.00 for professional services rendered. An additional award is hereby made and approved for distribution in the amount of $438.00 for expense reimbursement.

*Application of Morrison, Hecker, Curtis, Kuder & Parrish (MHCKP):*

■ MHCKP seeks an allowance of interim compensation for serving as special counsel to the Debtor during the application period of September 24, 1986 through December 30, 1986. During the subject period, MHCKP reportedly expended 96.2 hours in professional services for a total fee of $9,222.00.

Upon application of the *Johnson* factors, it is generally noted that the services rendered were set forth in adequate detail. There were, however, numerous unexplained telephone calls, in addition to lumped work activities. The services rendered were actual, reasonable and were necessary to the effective administration of the Debtor's estate.

Accordingly, an interim fee of $7,500.00 is hereby awarded and approved for distribution. Said amount is to be applied against the $7,000.00 previously received. Additionally, expense reimbursements are hereby awarded and approved for distribution in an amount of $1,117.91.

*Application of Seidemann & Associates (S & A):*

■ S & A seeks an allowance of interim compensation and reimbursement for expenses pursuant to § 331 of the Code. As of September 24, 1986, S & A was appointed to act as a financial consultant to the Debtor. Herein, S & A performed professional services during the application period of September 17, 1986 through March 31, 1987, reporting a total of 942.25 hours expended at an average hourly rate of $97.00. An amount of $91,397.50 is sought for compensation, and $719.17 is requested for expense reimbursement for a total award of $92,116.67.

Application of the above-mentioned *Johnson* factors to determine reasonable compensation indicates that the services rendered were generally both beneficial and necessary to the Debtor's estate. There were, however, certain services rendered which are noncompensable. Services rendered prepetition and prior to court appointment are not compensable. Herein, S & A reports it expended twenty (20) hours on work activity prior to its being appointed and prepetition. For the reason stated above such services are not compensable. Further, numerous services were inadequately described while others appeared to have been excessively charged. Additionally, many activities performed were grouped together in derogation of Bankruptcy Rule 2016.

Accordingly, an award of $71,750.00 is hereby approved for distribution as compensation, and $719.17 is hereby awarded and approved for distribution for expense reimbursement during the subject period, for a total award of $72,469.17, which is to

be applied against the retainer of $50,-000.00.

*Application of Ernst & Whinney (E & W):*

■ On November 28, 1986, E & W was appointed by Order of this Court to serve as accountants for the Debtor-in-possession. This application seeks an allowance of interim compensation for the period October 1, 1986 through February 28, 1987, in an amount of $25,656.00 and expense reimbursement in the amount of $1,093.52, for a total of $26,749.52. A total of 288 hours were reported for the subject period at an average hourly rate of $89.00.

Charges for services rendered during the application period were reasonable, necessary and beneficial to the Debtor's estate. Moreover, the several work activities were set forth in adequate detail to fully comply with Rule 2016.

Accordingly, an award of $25,000.00 is hereby approved for distribution as compensation. Such award is to be applied against the $15,000.00 retainer earlier received by E & W. Additionally, an award of $1,051.02 is hereby approved for distribution as expense reimbursement.

*Application of Official Creditors' Committee:*

■ The duly appointed Official Creditors' Committee (the Committee) seeks an order directing reimbursement of expenses incurred. The twelve-member Committee was duly appointed by the Court on October 9, 1986. The expenses sought total $12,050.94.

Interestingly, the Committee cites no authority to support its application. There is none to be found in the Bankruptcy Code which provides compensation or reimbursement to members of an official creditors' committee, although such authority does exist under § 503(b)(3)(D) for unofficial committees. It is unquestioned that the subject Committee is an official creditors' committee. Thusly, for the totality of the reasons above-stated, the Committee's request is denied.

IT IS SO ORDERED.