**In re Wendall David MAYES, C.P.A., Debtor.**

**Bankruptcy No. SG 85–01847.**

United States Bankruptcy Court, W.D. Michigan.

Aug. 24, 1988.

Day, Sawdey, Flaggert and Porter, Grand Rapids, Mich., for trustee.

## MEMORANDUM OPINION AND ORDER AWARDING FINAL FEES AND EXPENSES TO THE FIRM OF DAY, SAWDEY, FLAGGERT & PORTER, COUNSEL FOR TRUSTEE

JO ANN C. STEVENSON,
Bankruptcy Judge.

This opinion concerns a request for an allowance of fees and expenses incurred by the Day, Sawdey, Flaggert and Porter law firm ("Day, Sawdey firm") in representing the Chapter 7 Trustee, W.D.M.T., Inc. ("Trustee").

At the close of this Chapter 7 case the Court prepared a Notice of Filing of Final Accounts of Trustee stating that the Trustee was seeking commission or fees of $160.02 and expenses of $35.86; that the Day, Sawdey firm representing the Trustee was seeking a fee of $5,489.50 [1] and expenses of $173.85; and that the U.S. Bankruptcy Court Clerk's fee was $146.50. The Final Account also showed total receipts of $1,167.06 with allowed lien and priority claims of $13,972.81 and general unsecured claims of $45,195.58. Contained in the Final Accounts was the following language:

> All administrative claims will be pro-rated. There will be no funds available for distribution to priority or general unsecured creditors.

I note that there will be $1,167.06 in collected assets to be shared by the Trustee, the Day, Sawdey firm, and the U.S. Bankruptcy Court Clerk, with no assets to priority, secured, or unsecured creditors.

In initially reviewing the Day, Sawdey application as submitted, questions were raised as to the amount of time spent and, thus, the fee generated, in several areas including work done regarding two sales, intra-office consultation between attorneys, research efforts, time spent on preference work, and the charging of time for drafting proofs of service and organizing files. A letter was sent to the Firm requesting that it be prepared to address those concerns at the hearing. The Court received an extensive, well-written letter of explanation in response which addressed these as well as some other issues. That letter proved to be helpful in answering some questions and thus several issues were resolved. Although additional explanation was forthcoming at the May 23, 1988 hearing, and no one objected to the fees sought, the Court took the matter under advisement in order to address several remaining areas of concern.

---

**1.** Originally, the firm requested fees of $5,597.50, but later reduced them by $108. due to a record keeping error on the time sheet.

This Court has jurisdiction over the parties and subject matter of this action under 28 U.S.C. § 1334, and this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

11 U.S.C. § 330, Compensation of Officers, provides the guidelines for the Court's determination as to the allowance of fees and expenses to attorneys. That section states:

(a) After notice to any parties· in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the Court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

■ Initially, the Court recognizes that it has an obligation to examine the propriety of fees and expenses requested even if no objections are raised. *See Jordan v. Mark IV Hair Styles, Inc.,* 806 F.2d 695 (6th Cir.1986) fees in a civil rights class action; *In re S.T.N. Enterprises, Inc.,* 70 B.R. 823, 831 (Bkrtcy.D.Vt.1987); *In re*

*Evans Products Co.,* 69 B.R. 68, 69 (Bkrtcy.S.D.Fla.1986); *In re NRG Resources, Inc.,* 64 B.R. 643, 650 (W.D.La. 1986); *In re Cuisine Magazine, Inc.,* 61 B.R. 210, 219 (Bkrtcy.S.D.N.Y.1986); *In re Wilson Foods Corp.,* 36 B.R. 317, 320 (Bkrtcy.W.D.Okla.1984); and *In re Hamilton Hardware Co., Inc.,* 11 B.R. 326, 329 (Bkrtcy.E.D.Mich.1981).

The Court has no objections to the expenses claimed, finding them to be actual and necessary. However, the requirement under 11 U.S.C. § 330(a)(1) that fees be "reasonable compensation for actual, necessary services" compels me to specifically address the following items found in the petition:

*Performance of Ministerial Tasks*

■ This Court believes that there are some tasks which fall within the ambit of secretarial or support work which should not be performed by lawyers and, if performed by lawyers, should not be compensated. Among those tasks are the drafting of proofs of service and the organization of files. Absent highly unusual circumstances which must be brought to the Court's attention at the time the fee request is made, the Court will not allow compensation to attorneys for these jobs. *See In re NRG Resources, Inc.,* 64 B.R. 643, 654 (W.D.La.1986). Accordingly, the Court will reduce the fee request by some $60.00 based on the calculations contained in Exhibit A attached hereto.

*Intra–Office Conferences*

Of the 53.6 total hours billed, the Court attributes approximately 9.8 hours to intra-office conferences.[2] Although counsel sug-

---

**2.** Once again the Court notes that when bunching is used, assessing time increments for each activity becomes an impossibility. This undermines any attempt to determine reasonable compensation. In *In re Wiedau's, Inc.,* 78 B.R. 904, 908 (Bkrtcy.S.D.Ill.1987) any items which were bunched were denied compensation. As an alternative, this Court which disfavors bunching has tried to determine the number of tasks listed and divided them into the hours assigned. The error of this method is evident when two attorneys each bill for a conference but, because of this equation for separating items bunched, they bill for different periods of time. This is exemplified by the following entry from the time sheet in this case.

| DATE | WORK PERFORMED | ATTORNEY | HOURS | CONSULTATION * |
|------|----------------|----------|-------|----------------|
| 10/2/86 | Legal research re. preferences and liens; consultation with other counsel [LAVM] re. preferences and liens and subordination of taxes | IAJ | 1.6 | .8 |

gests only 3.3 hours were spent in intra-office consultation, it is unclear how this figure was derived.

In billing for these consultations, it appears that sometimes all parties billed the debtor and at other times only one party billed. *In re B & W Management, Inc.*, 63 B.R. 395, 405 (Bkrtcy.D.D.C.1986), held that only one party may bill his or her time to the debtor unless special circumstances require consultation with counsel possessing special training or experience. *In re Mayflower Associates*, 78 B.R. 41 (Bkrtcy. E.D.Pa.1987) citing *In re American International Airways, Inc.*, 47 B.R. 716, 724 (Bkrtcy.E.D.Pa.1985) required counsel to show that the conferences were "essential to the efficient management of the case." Some cases have looked to whether there has been duplication of services. *In re Wabash Valley Power Association, Inc.*, 69 B.R. 471, 478 (Bkrtcy.S.D.Ind.1987), *In re Alan I.W. Frank Corp.*, 71 B.R. 585, 586, n. 1 (Bankr.E.D.Pa.1987), *In re Bible Deliverance Evangelistic Church*, 39 B.R. 768, 777 (Bkrtcy.E.D.Pa.1984). Other courts look for an explicit explanation for the necessity of such conferencing. *In re George Worthington Company*, 76 B.R. 605, 608 (Bkrtcy.N.D.Ohio 1987), *In re Wiedau's, Inc.*, 78 B.R. 904, 908 (Bkrtcy.S.D. Ill.1987). However, allowing all parties to the conference to bill may be reasonable compensation if consultation with other attorneys saves the client money by circumventing the need to do research.

■ In this fee application, 18% of the total time billed is estimated by the Court to be intra-office consultation. Two attorneys billed for consultation time. One billed approximately 7.1 hours at $100/hour and the other 2.7 hours at $135/hour. The total is $1,074.50 in consultation fees. The two subjects discussed in these meetings had the potential, according to counsel, of bringing $31,924.38 into the estate. Neither of these assets was ultimately pursued

and the estate was left with only $1,167.06 in collected assets.

I believe 11 U.S.C. § 330(a)(1) directs me to determine whether these consultations were necessary services. Although the subjects discussed may have warranted some consultation, the fact remains that no recovery was made on these bases and the amount of intra-office consultation appears excessive under the circumstances. In fact, the fee charged just for these consultations alone is only approximately $100.00 less than the total receipts shown on the Final Account.

Although I believe some intra-office consultation is generally necessary and thus reasonable, the circumstances of this case require that I reduce that portion of the fees requested reflecting intra-office consultations by fifty percent (50%), or $537.25.

*Reasonable Compensation*

■ The burden of establishing the reasonableness of a fee rests upon the party making the request. *In re Hamilton Hardware Co., Inc.*, 11 B.R. 326 (Bkrtcy.E. D.Mich.1981). Although counsel has explained to the court why she believes the fees to be reasonable, this court cannot agree.

■ A determination of reasonableness is a subjective judgment which must be utilized by both attorneys and the court. *In re Frontier Airlines, Inc.*, 74 B.R. 973, 978 (Bkrtcy.D.Colo.1987), (in the context of evaluating time duplication.) Many factors should be considered in determining reasonable compensation. Among factors such as time, labor, difficulty of issues, preclusion of other employment, customary fee and time limitations, the amount involved and the result obtained should be included. *In re George Worthington Co.*, 76 B.R. 605, 607 (Bkrtcy.N.D.Ohio 1987). Another perspective from which to view reasonable compensation is stated in *In re NRG Resources, Inc.*

| DATE | WORK PERFORMED | ATTORNEY | HOURS | CONSULTATION * |
|------|---------------|----------|-------|----------------|
| 10/2/86 | Legal research and consultation with other counsel [IAJ] re. preferences & tax subordination | LAVM | .5 | .3 |

* The consultation figure is the amount of time estimated by the court to be intra-office consultation.

Legal counsel, whether acting for a debtor in possession or for a trustee, have a definite responsibility to keep costs to the estate to an absolute minimum. *See In re First Colonial*, 544 F.2d [1291] at 1299 [(5th Cir.1977)]. Thus, all legal services must be reasonably related toward accomplishing the intended goal of satisfying the legitimate claims of creditors. Moreover, it is important to consider the success, or lack of success, toward accomplishing this goal at each stage of the proceeding. 64 B.R. 643 (W.D.La.1986). Even though *In re NRG Resources, Inc.* involves a Chapter 11 debtor, the same policy applies to a Chapter 7 case. The desired end-result should be a distribution to creditors. The Court realizes that this is not always possible. However, at various stages in a case an attorney must assess the amount likely to be recovered and the fees charged against the estate. Under similar facts, the court in *In re WHET, Inc.*, 62 B.R. 770, 778 (Bkrtcy.D.Mass 1986) stated, "The cost to the estate [for attorney fees] of at least $9,568.00 as compared to the benefit of $3,413.75 is unreasonable and any rationale for this expenditure defies common sense." The justifications given to that court that the estate was desperate for money, the prediction of the amount of collection in advance was difficult to make and the integrity of the collection process should be maintained were unacceptable.

■ A particular concern here is that counsel spent some 10.4 hours in deciding whether to pursue a preference cause of action against the County Treasurer which counsel advises would have resulted in adding at best $1,924.38 to the Estate's coffers. Ultimately, it was decided not to pursue this cause of action and no complaint was ever filed.

This Court strongly believes that absent a showing of extreme complexity or especially onerous discovery, neither of which was shown here, it is not reasonable that counsel should expend time on and seek reimbursement of approximately $1,200.00 [3] to collect an asset which at best might have resulted in a $1,900.00 benefit. This is particularly true where it appears that if the trustee had persevered, it is highly likely that the additional fees and costs would have clearly outstripped any benefit to the estate. At some point, a determination should have been made that further work and the fees which the work would generate were likely to surpass any benefit to the estate.

Under the circumstances, I believe it is appropriate to reduce the total fees requested by an additional $600.00 which represents fifty percent (50%) of the $1,200.00 attributed to the 10.4 hours spent on the County Treasurer cause of action.

An Order shall issue reflecting the above decision.

### ORDER AWARDING FINAL FEES AND EXPENSES

For the reasons stated above,

IT IS HEREBY ORDERED THAT final expenses of $173.85 and fees in the reduced amount of $4,292.25 are hereby awarded to Day, Sawdey, Flaggert and Porter.

### EXHIBIT A

| DATE | WORK PERFORMED | HOURS | ATTORNEY | HOURLY RATE |
|------|----------------|-------|----------|-------------|
| 7/29/87 | Organize files for closing purposes | .2 * | I.A.J. | $100.00 |

3. Because of the "bunching" of time it is again difficult to untangle time spent on the County Treasurer's preference action from time spent on other matters. Since counsel has advised that the total amount of time expended by Mr. VerMerris at $130.00/hour and Ms. Jensen at $100.00/hour is 10.4 hours, the Court has assigned a blended hourly rate of $115.00 to the 10.4 hours to arrive at $1,196.00 or approximately $1,200.00 as attributable to the County Treasurer preference action.

* Since the application has "bunched" or "lumped" time, the Court has divided the total lumped time entry by number of tasks contained within to arrive at the time reasonably attributable to the task listed above.

| DATE | WORK PERFORMED | HOURS | ATTORNEY | HOURLY RATE |
|------|----------------|-------|----------|-------------|
| 12/11/86 | Drafting Proof of Service | .1 | ″ | ″ |
| 1/22/87 | Drafting Proof of Service re: Order Confirming Sale | .1 | ″ | ″ |
| 12/23/85 | Drafting Proof of Service | .2 | ″ | ″ |

TOTAL: .6 at $100.00 = $60.00