**In re RBS INDUSTRIES, INC., d/b/a Milford Rivet & Machine Company, Modform, Interlock Gary Screw & Bolt, Modulus, Debtor.**

**Bankruptcy No. 5–86–00345.**

United States Bankruptcy Court, D. Connecticut.

Sept. 18, 1989.

Mark W. Warren, Damon & Morey, Buffalo, N.Y., for debtor.

Eric J. Small, New Haven, Conn., office of the U.S. Trustee.

MEMORANDUM AND DECISION ON ALLOWANCE OF ATTORNEYS' FEES AND EXPENSES UNDER CODE § 331

ALAN H.W. SHIFF, Bankruptcy Judge.

The debtor's attorneys, Damon & Morey (D & M), apply for an interim allowance of fees in the amount of $453,858.50 and ex-

---

**5.** This decision does not consider whether any     right that Pierce has to enter will survive any

penses in the amount of $64,389.37.[1] The Office of the United States Trustee has filed an objection, read here as a comment, *see* 28 U.S.C. § 586(a)(3), which questions the level of the application's specificity and the reasonableness of the services performed.

## BACKGROUND

On May 16, 1986, the debtor filed a petition under chapter 11. On June 13, 1986, an order entered granting the debtor's application to employ D & M as its attorneys. On September 1, 1989, an order entered approving the Fourth Amended Joint Plan of Reorganization, proposed by The Jaclind Group, Inc. and Seymour Specialty Wire Co., a party in interest. Under the plan, payment to unsecured creditors is affected by the amount of the payment to administrative claimants, including D & M. *See Fourth Amended Plan of Reorganization* Art. 1, ¶ 1.63, at 35.

On August 12, 1986, an order entered which in part provided

> Counsel for the Debtor ... may submit to the Debtor on a monthly basis a statement of fees and compensation ...; it is hereby

FURTHER ORDERED that unless written objection to any submitted statement is received by the Debtor, this Court, and the Counsel submitting this statement within ten days of the submission, then the Debtor shall pay to Counsel submitting the statement 80% of the total amount of fees submitted and 100% of costs expended; it is hereby

FURTHER ORDERED that all payments made by the Debtor to Counsel for the Debtor shall be reviewed by the Court upon proper application by said Counsel every 120 days and upon approval of such application by this Court, the balance of compensation withheld by the Debtor shall be paid

To date, D & M has been paid fees of $225,110.48 and 100% of its expenses pursuant to that order

On August 22, 1989, D & M filed the instant application, seeking approval of all of its fees and expenses for the period from October 31, 1986 to August 1, 1989. The application sets forth a description of services broken down by date, attorney, and time. The following is a representative example of the hundreds of entries contained in the application:

| DATE | DESCRIPTION | ATTORNEY | HOURS |
|------|-------------|----------|-------|
| 12/02/88 | Telephone conference with Attorney Morton L. Gitter; telephone conference with Douglas J. Danzig, negotiated and revised Phoenix Northeast Contract; conference with Robert W. Raddatz, Robert J. Regal, Andrew DiPietro, Robert White, Pamela C. Liggins; telephone conference with paralegal Barbara Ford; appeared at Bankruptcy Court (Bridgeport) on insurance motion; revised Order; telephone conference with Mark W. Warren regarding Environmental Management Consultants, new plan and other assignments; telephone conference with insurance representative; conference with Pamela C. Liggins and Robert J. Regal re employee matters | WFS [William F. Savino] | 10.4 |

---

1. D & M's fee application was originally for $533,283.74 based upon an upward adjustment of 17.5%. D & M has consented to defer consideration of that premium until a later fee application.

Few of the entries for a particular day describe only one discrete legal service. Expenses are broken down by category for given periods ranging from one to six months, as in the following example:

| DESCRIPTION | AMOUNT |
|---|---|
| DISBURSEMENTS FOR MAY THRU AUGUST, 1988 | |
| Telecopy charges | 620.00 |
| Telephone and other telegraph charges | 855.99 |
| Photocopy charges | 985.50 |
| Travel expenses | 2,631.33 |
| Express mail charges | 629.00 |
| Court reporter fees | 357.18 |
| Computerized legal research | 4.01 |
| Postage | 185.70 |
| Filing fees | 360.00 |
| Summons and complaint | 54.00 |
| Docket sheets | 7.50 |
| Amendment of Schedules | 20.00 |
| Title search | 50.00 |

The primary thrust of the U.S. Trustee's comments is that compensation should not be awarded because, contrary to the requirement of Local Bankruptcy Rule 25, D & M's application has failed to list distinct services separately, making an assessment of reasonableness difficult. D & M points out that at the time the case was commenced, Local Bankruptcy Rule 25(a)(3)(c) merely required attorneys seeking compensation to set forth "the time spent rendering such services broken down into tenths of an hour ...," and that the current rule, requiring attorneys to detail "each service" was not effective until November 11, 1988. D & M contends that the words "such services" in the earlier version of the rule referred to the aggregate services rendered per attorney per day, that it complied with that rule, and that it would be unfair to penalize it because the rule was changed during the administration of the case. It is noted that the committee of unsecured creditors has not objected to D & M's application.

## DISCUSSION

Applications under § 331 are judged by the same standards as final applications under § 330, *In re George Worthington Co.,* 76 B.R. 605, 607 (Bankr.N.D.Ohio 1987), which provides in relevant part:

[T]he court may award ... to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such ... attorney, ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

Applications under § 330 and § 331 must comply with Bankruptcy Rule 2016(a):

An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested

It is universally held that a fee application which groups together several distinct tasks into a single billing does not satisfy the specificity required by Rule 2016(a) because it does not allow the court to determine whether the time spent on a specific task was reasonable. *E.g. Brake v. Tavormina (In re Beverly Mfg. Corp.),* 841 F.2d 365, 370 (11th Cir.1988); *In re Westside Creek Ltd. Partnership,* 93 B.R. 177, 180 (Bankr.E.D.Ark.1988); *Matter of Potnoven,* 84 B.R. 579, 584 (Bankr.S.D.Iowa 1988); *In re Bishop,* 32 B.R. 302, 303 n. 2 (Bankr.D.R.I.1983); *In re National Ruskin, Inc.,* 22 B.R. 207, 210 (Bankr.E.D.Pa. 1982). Contrary to D & M's assertions, Local Bankruptcy Rule 25 was intended to enhance not restrict Rule 2016(a). It is therefore apparent that the requirement that a time be given for each service performed exists independently of Local Bankruptcy Rule 25(a)(3)(c) and that D & M's application for compensation is inadequate.

D & M's application for reimbursement of expenses suffers from the same inadequacy. Local Bankruptcy Rule 25(a)(5) requires

an itemization as to purpose, amount and date incurred, accompanied by an invoice, receipt or other documentation for each item for which reimbursement is sought.

As noted, the dates given by D & M in its request for reimbursement of expenses are time periods which range from one to six months.

## CONCLUSION

The traditional goal of bankruptcy laws has always been to adjust competing economic interests through an expeditious process that encourages the rehabilitation of financially distressed debtors while at the same time assuring, if possible, fair compensation to creditors who have acted diligently. The process is complex and requires the expertise and experience of skilled attorneys and other professionals. This court recognizes that without the services of such professionals, the rehabilitation of debtors is likely to be delayed if not altogether frustrated. Thus, under bankruptcy law and policy, fee applications must take into account the cost of comparable services in the marketplace, so that the best and the brightest professionals are encouraged to practice in our bankruptcy courts. Courts should therefore recognize the full value of such professional services provided that a review of fee applications is scrupulously careful to assure full compliance with the procedural and substantive standards mandated by the Code and Rules.

It would be unfair to deny D & M a fee and reimbursement of expenses for the services and costs referenced in its application. Attorney William Savino of that firm is a highly competent professional who rendered extraordinary services to this debtor. But, as noted, D & M's application does not comply with the requisites of Rule 2016(a).

For the foregoing reasons, D & M is allowed interim compensation in the amount of $350,000 and reimbursement of expenses in the amount of $50,000, without prejudice to D & M filing a supplemental application which satisfies a degree of specificity consistent with this decision, *see In re George Worthington Co., supra,* 76 B.R. at 608, and

IT IS SO ORDERED.