In re Thomas B. ARNOLD, Thomas J. Grindinger and Marlene Hinde Grindinger, Debtors.

Bankruptcy Nos. 90–40349, 90–40805.

United States Bankruptcy Court, E.D. Texas, Sherman Division.

Jan. 10, 1995.

Bruce W. Akerly, Johnson & Swanson, Dallas, TX, for Objecting Creditor Jonathon Uhr.

David W. Elmquist, Winstead, Sechrest & Minick, P.C., Dallas, TX, for trustee.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

COMES NOW before the Court for consideration the Fee Applications of Winstead, Sechrest & Minick, P.C. ("WSM"), counsel for the Chapter 7 Trustee, Alan D. Sibarium ("Trustee") in the above referenced cases. These Applications are being consolidated for the purposes of this opinion because they involve the same applicant, WSM, and raise the same issue. This opinion constitutes findings of fact and conclusions of law in accordance with Fed.R.Bankr.P. 7052 and disposes of all issues before the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

### ARNOLD

A voluntary petition under Chapter 7 of Title 11, United States Code was filed February 20, 1990 by Thomas B. Arnold ("Arnold").

On March 8, 1990, the Trustee received a Notice of Selection and Appointment as Trustee, which was accepted by the Trustee on April 25, 1990.

By order of this Court dated September 26, 1990, WSM was employed counsel to the Trustee, effective as of August 9, 1990.

On behalf of the estate, WSM undertook prosecution of six separate adversary proceedings. As of the date of this Application, all of the adversary proceedings have been resolved. As a result, the Trustee has collected $272,000.00 in cash settlements. That entire settlement is the result of one adversary filed against Dr. Jonathan Uhr, a former partner of the Debtor. Arnold has entered into a promissory note agreeing to pay $83,000.00 to the estate over the course of four years in quarterly payments. Finally, two judgments of default were entered against non-debtor parties, each in the amount of $100,000.00. Recovery on these judgments appears to be speculative at best.

Unsecured claims in excess of $4,000,-000.00 have been filed in this case.

After a "voluntary reduction" of $44,146.50, WSM seeks fees in the amount of $230,000.00 and reimbursement of expenses of $36,280.27 for a total of $266,280.27.

Dr. Jonathan Uhr, has objected to the allowance of the Application. Dr. Uhr's position is that he holds sixty-five (65%) percent of the unsecured claims in this bankruptcy estate and the requested fee would simply absorb the estate leaving nothing for him or any other unsecured creditor. He argued strongly that the matter was simply over-lawyered and over-litigated without any clear analysis of whether the estate would benefit or not. Implicit in Dr. Uhr's argument is that his position as a sixty-five (65%) percent unsecured creditor and his expectation of receiving the majority of the funds he paid in settlement was a factor in the settlement of the adversary proceeding.

### GRINDINGER

A joint petition under Chapter 7 of Title 11, United States Code was filed on May 25, 1990 by Thomas and Marlene Hinde Grindinger ("Grindinger").

On June 8, 1990, the Trustee received a Notice of Selection and Appointment as Trustee, which was accepted by the Trustee on June 11, 1990.

By order of this Court entered on October 1, 1990, WSM was appointed for the Trustee, effective August 9, 1990.

On behalf of the estate, WSM undertook prosecution of several adversaries. All of the adversaries had been resolved at the time of this Application. As a result, the Trustee has recovered $55,000.00 cash and a judgment lien of $24,645.68. Recovery on the lien is expected to be less than the amount of judgment.

Unsecured claims in the amount of $917,000.00 have been filed in this case. WSM has objected to several claims and it is uncertain what the amount of allowed claims will be.

After "voluntary reductions", WSM is seeking fees of $45,000 and expenses of $9,804.29 for a total of $54,804.29.

No objections have been filed to this Application. The Court undertook independent review of the Application.

### DISCUSSION OF LAW

█ The Applications present the Court with an interesting dilemma. In both cases, the fee requests, if allowed, would consume substantially the entire estate. The Court acknowledges that the estate was created entirely through the efforts of WSM. This leads to the question: Should the Trustee be allowed to create an estate solely for the benefit of the Trustee and the Trustee's Attorney? This Court believes the answer is clearly no.

In reviewing the Applications, the Court is required to analyze the factors set out *Matter of First Colonial Corp. of America*, 544 F.2d 1291, 1298–99 (5th Cir.1977). After reviewing the policies underlying the Bankruptcy Code, "size of the estate" appears to be one of the most important factors in reviewing fee applications. *Matter of May Drug Co., Inc.*, 28 B.R. 923, 927 (Bkrtcy. E.D.N.Y.1983); *In re Classic Arms Intern., Ltd.*, 23 B.R. 489, 491 (Bkrtcy.E.D.N.Y.1982).

█ Chapter 7 is based on the premise that the property of the debtor's estate is held in trust for the creditors. *In re Poage*, 92 B.R. 659, 662 (Bkrtcy.N.D.Tex.1988). The desired end result of a Chapter 7 liquidation should be a distribution to the creditors. *In re Mayes*, 101 B.R. 494, 498 (Bkrtcy. W.D.Mich.1988). Although such a distribution is not always possible, the Chapter 7 Trustee (and the Trustee's attorney) has a duty to attempt to achieve this result. *In re Conley*, 159 B.R. 323, 325 (Bkrtcy.D.Idaho 1993). Therefore, the Trustee's (and the Trustee's attorney's) primary duty is to the estate's unsecured creditors. *Poage*, 92 B.R. at 662.

█ Consequently, the Trustee is required to perform a cost-benefit analysis when considering pursuit of a cause of action. If the fees incurred will exceed the recovery, there is no benefit to the estate and the action should not be pursued. *In re Riverside–Linden Inv. Co.*, 925 F.2d 320, 322 (9th Cir. 1991); *In re NRG Resources, Inc.*, 64 B.R. 643, 651 (W.D.La.1986); *In re Columbus Mortg. & Loan Corp. of R.I.*, 155 B.R. 297, 300 (Bkrtcy.D.R.I.1993); *In re Kornstein's, Inc.*, 56 B.R. 481, 486 (Bkrtcy.D.R.I.1985).

█ Clearly, bankruptcy proceedings are intended to benefit the creditors and the

estate, and not to benefit the attorneys. Consequently, the Court cannot allow the assets of an estate to be totally absorbed by attorneys fees. *NRG Resources,* 64 B.R. at 655; *Kornstein's,* 56 B.R. at 486.

Although the Court realizes that it cannot expect WSM to act in perfect hindsight, it seems clear that WSM did not conduct a sufficient cost-benefit analysis. The fees incurred in prosecuting the adversaries consumed substantially the entire recovery. In fact, if it were not for WSM's "voluntary reductions", the fees would exceed recovery. It seems inconceivable that WSM failed to realize, at some point, that these actions were not beneficial.

WSM did voluntarily reduce fees in both cases to an extent. It is clear that the reduction of fees is simply a reduction to bring the total fees requested to an amount less than the available cash that could be distributed. There is no fee reduction rationale such as a reduction of hourly charges or a reduction in numbers of hours charged because of an unusual circumstance. The fee reduction is simply a recognition that there is no more money to be distributed and fees in excess of the amount requested could not be paid in either estate under any circumstance. The requested fees would consume substantially the entire estate. Consequently, there would be no benefit to the estate or the creditors. The Court cannot allow such a result.

Furthermore, the Court notes that there are some other problems with the Applications. WSM is charging hourly rates in excess of those normally allowed in routine cases in the Eastern District of Texas. The customary fees are: $180/hr. for a partner level attorney; $150/hr. for a senior level associate; and $50/hr. for a paralegal. WSM has charged excessive rates in each category, and did not demonstrate that there was anything unique or unusual about this case that would justify a higher fee.

Additionally, WSM has routinely engaged in multiple billing. Numerous entries were made throughout both Applications where several attorneys charged for the same intra-office conference. Such a practice is clearly against the policy of the Bankruptcy Code.

*First Colonial,* 544 F.2d at 1298–99; *NRG Resources,* 64 B.R. at 651. Throughout this entire Application, this Court was left with the clear impression that this case was simply overly lawyered and overly litigated. At the hearing, the Applicant totally failed to demonstrate any justification for the untold hours of conferences, document review and document revision. That burden is on the Applicant and the Applicant totally failed to discharge its burden of proof.

The Court believes a 50% reduction in fees is justified taking into account the size of the estate, the excessive hourly rates charged, and the multiple billings. Expenses will be allowed in full; however, the Court notes that had a proper cost benefit analysis been conducted, some of the expenses would have been avoided. It is therefore

ORDERED that the requested fees are hereby ALLOWED at 50% of the amount requested. It is further

ORDERED that requested expenses are hereby ALLOWED in full.