**In re David A. WITTS, Debtor.**

**Bankruptcy No. 92–40701.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

April 5, 1995.

172

Bill Parker, Tyler, TX, for debtor.

Dale McCullough, Trustee, Dallas, TX.

Mark E. Andrews, Dallas, TX, for Comerica Bank.

Christopher J. Moser, Dallas, TX, for Bank One, Texas, N.A.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

NOW before the Court for consideration is the First Interim Application ("Application") of Winstead Sechrest & Minick, P.C. ("Applicant"), counsel for the Chapter 7 Trustee, Dale L. McCullough ("Trustee"). This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Fed.R.Bankr.Proc. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 19, 1992, David A. Witts ("Debtor") filed his voluntary petition under Chapter 7 of the Bankruptcy Code in this Court.

On June 25, 1992, Linda Payne was appointed interim Chapter 7 Trustee and accepted such appointment on July 10, 1992.

On August 3, 1992, the Trustee was elected at the First Meeting of Creditors held pursuant to 11 U.S.C. § 341.

On August 28, 1992, the Trustee filed his Application to Employ Alan D. Sibarium ("Sibarium") as counsel to the Trustee, which was granted by order of this Court dated October 15, 1992.

Sibarium later withdrew from representation of the Trustee, and by order of this Court dated July 12, 1993, Applicant was employed as counsel to the Trustee, effective as of June 11, 1993.

Sibarium identified various causes of action that the Trustee could pursue relating to the Debtor's transfer of assets prior to the Date of Bankruptcy.

In February, 1993, the Trustee received a settlement offer in relation to the transfers. The Trustee rejected the offer without further attempts to negotiate.

Applicant recommended that the Trustee pursue two avoidance actions against the Debtor and various other defendants, and that the Trustee continue to object to the Debtor's discharge pursuant to 11 U.S.C. § 727 (collectively the "Adversary"). In April, 1994, the Adversary was disposed of in a global settlement after mediation.

The settlement resulted in $800,000.00 in assets being turned over to the estate. This was approximately $300,000–$350,000 more than the February, 1993 offer. (There was actually an influx of $395,000.00, however, one piece of property was encumbered by a mortgage of an undetermined amount, something less than $96,000.00).

Applicant is seeking $190,000.00 in fees (of which $100,000.00 is attributable to the pur-

suit of the Adversary) and $22,581.34 in expenses.

Objections to the Application have been filed by Bank One and Comerica.

### DISCUSSION

■ Upon review of this case, the Court must evaluate the benefit conferred upon the estate due to Applicant's prosecution of the Adversary. It appears that an additional $300,000–$350,000 was brought into the estate due to Applicant's actions. However, the Court notes that Applicant might have been able to negotiate a better settlement without initiating the Adversary. The February, 1993, settlement offer was rejected without any attempt at negotiation.

In any event, the benefit to the estate must be weighed against the cost. Approximately $400,000.00 in fees and expenses were incurred by Applicant, Sibarium, and Trustee's accountant in the prosecution of the Adversary. The cost clearly exceeds the $300,000–$350,000 benefit.

This Court has previously held that failure to conduct a sufficient cost-benefit analysis will result in a reduction in attorney's fees. See *In re Arnold*, 176 B.R. 13 (Bkrtcy. E.D.Tex.1995, Judge Donald R. Sharp). This Court cannot allow an action to be pursued solely for the benefit of Trustee's counsel. *Id.*

Professional fees do not consume the entire estate in this case, as in *Arnold*. However, the principal remains the same. Applicant should have weighed the additional benefit of prosecuting the Adversary against the cost.

■ The Court has identified some additional problems with the Application. Applicant has charged hourly rates in excess of the customary fees allowed in the Eastern District of Texas. The customary fees are: $180/hr. for partners; $150/hr. for senior level associates; and $50/hr. for paralegals. Despite Applicant's argument, the Court finds no justification for allowing higher rates in this case.

■ Approximately 12% of Applicant's fees were incurred through interoffice conferences between members of Applicant's firm. This appears to be excessive. Moreover, a substantial portion of those conferences were billed by more than one member of the firm. Such a practice is clearly against the policy of the Bankruptcy Code. *Matter of First Colonial Corp. of America*, 544 F.2d 1291, 1298–99 (5th Cir.1977); *In re NRG Resources, Inc.*, 64 B.R. 643, 651 (W.D.La.1986).

■ Applicant has charged paralegal rates for such clerical tasks as organizing files, proofreading and revising documents, faxing, and copying. These entries are disallowed.

Several of Applicant's time entries (particularly those of Lori Hitz) are "lumped" together, listing several tasks in one entry without a breakdown of time spent on individual tasks. Such "lumping" makes it difficult for the Court to assess the reasonableness of time spent on individual tasks.

On October 4, 1993, an attorney billed 3.0 hours for work on an unrelated case. That entry is disallowed. The Court further finds the following entries excessive:

9/9/93 5.7 hours were spent by an attorney reviewing a docket sheet and preparing a draft of a Designation of Record on Appeal.

10/25/93 1.1 hours were spent by a paralegal in making a telephone call to order a transcript and Findings of Fact from the Court and performing Legal Ease research.

11/10/93 5.3 hours were spent by an attorney reviewing documents to respond to a Motion to Require Trustee to Abandon Property.

2/1/94 2.1 hours were spent by a paralegal calling the docket clerk to obtain an adversary cover sheet, summons and scheduling order.

2/2/94 1.3 hours were spent by the same paralegal reviewing the rules for filing an adversary and drafting the summons and cover sheet.

■ Finally, the Court notes Applicant is seeking reimbursement of expenses for meals and secretarial overtime. These expenses are disallowed.

The Application for fees is hereby ALLOWED in the amount of $125,000.00 and $22,332.99 is allowed for expenses.

All further requested relief is hereby DENIED.