851 F.Supp. 677 (1994)
Benjamin McCLELLAND, Plaintiff,
v.
HYUNDAI MOTOR AMERICA, Defendant.
Civ. A. No. 93-3399.
United States District Court, E.D. Pennsylvania.
April 26, 1994.
*678 Craig Thor Kimmel, Robert M. Silverman, Kimmel & Silverman, P.C., Blue Bell, PA, for plaintiff.
Bryan D. McElvaine, White and Williams, Philadelphia, PA, for defendant.

ORDER/MEMORANDUM
KATZ, District Judge.
AND NOW, this 26th day of April, 1994, upon consideration of Plaintiff's Petition for Counsel Fees and Court Costs and the other submissions of the parties, it is hereby ORDERED that plaintiff's Petition is GRANTED and the plaintiff is awarded $14,573.45 in attorneys' fees and costs.
The plaintiff in this action brought suit against the defendant for violations of Pennsylvania's Automobile Lemon Law, 73 P.S. § 1951, et seq., the Magnuson-Moss Warranty  Federal Trade Commission Improvement Act, 15 U.S.C. § 2301 et seq., Pennsylvania's Uniform Commercial Code, 13 P.S. § 1101, et seq., and Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et seq. Following a jury trial, a verdict was returned in favor of plaintiff on his Lemon Law claim and against the plaintiff on his breach of warranty claim. The jury awarded the plaintiff $15,914.00 in damages.[1]
The Lemon Law provides:
Any purchaser of a new motor vehicle who suffers any loss due to nonconformity of such vehicle as a result of the manufacturer's failure to comply with this act may bring a civil action ... and, in addition to other relief, shall be entitled to recover reasonable attorneys' fees and all court costs.
73 P.S. § 1958.
The starting point for determining reasonable attorneys' fees is to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).
*679 The plaintiff submitted sufficiently accurate records of the amount of time spent and the manner in which it was spent for this court to assess attorneys' fees without the necessity of a hearing. Gambrill v. Alfa Romeo, Inc., Civ. No. 87-7933, 1989 WL 121929 at *2 (E.D.Pa. Oct. 12, 1989) (citing In re Meade Land & Dev. Co., 527 F.2d 280, 283 (3d Cir.1975)). The plaintiff's counsel spent 130.80 hours working on the case. Pet. Ex. B. The amount of time plaintiff's counsel spent on the case is not unreasonable considering the nature of the case (one and a half day jury trial, after a de novo appeal from an arbitration hearing).
After determining the number of hours reasonably expended, the court must also determine whether the requested hourly rate is reasonable. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir.1990). The court in determining the proper rate must assess the experience and skill of the prevailing attorneys and compare their rates with the prevailing rates in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. Id. The plaintiff's attorneys claim that their hourly fee is $150 an hour. Pet. Ex. D. Given counsels' skill, performance, qualifications, reputation and experience, an appropriate and reasonable rate of compensation in this case is $100.00 per hour. See Baker v. Chrysler Corp., Civ. No. 91-7092, 1993 WL 18100 (E.D.Pa. Jan. 25, 1993).[2]
The court declines to grant a contingency multiplier. Gambrill, 1989 WL 121929 at *4. The court also finds it inappropriate to reduce the attorneys' fees simply because the plaintiff was not successful on his additional and alternative breach of warranty claim. Because the jury's verdict provided the plaintiff with substantial relief, the plaintiff may recover fees for "all hours reasonable expended on the litigation." Hensley v. Eckerhart, 461 U.S. 424, 435-37, 103 S.Ct. 1933, 1940-41, 76 L.Ed.2d 40 (1983); West Virginia Univ. Hosp. v. Casey, 898 F.2d 357, 361 (3d Cir.1990). Therefore, this court finds that appropriate, reasonable attorneys' fees in this case total $13,080.00.
The plaintiff also seeks court costs totaling $1,493.45. Pet. Ex. B. The court finds these costs reasonable and necessary expenses. Cf. Gambrill v. Alfa Romeo, Inc., Civ. No. 87-7933, 1989 WL 121929 at *4 (all reasonable court costs awarded, but expert witness fees limited to $30 a day).[3] Therefore, the court will award $1,493.45 in court costs. See Baker, 1993 WL 18100.
NOTES
[1] By letter dated April 1, 1994, the parties stipulated that in the event of a verdict in favor of the plaintiff, the parties would submit the issues of treble damages and counsel fees to this court for resolution. See Order of April 4, 1994.
[2] In Baker, a "Comparable Fee Awards" case cited to the court by the plaintiff, petitioning counsel were awarded $100 per hour. In Gillespie v. Chrysler Corp., Civ. Action No. 93-1532 (E.D.Pa.), another Lemon Law case cited to the court by plaintiff, petitioning counsel were again awarded $100 per hour by this court. See Order Feb. 4, 1994. In Porter v. Hyundai Motor America, Inc., Civ. Action No. 92-6439 (E.D.Pa.), petitioning counsel sought $100 per hour for 88.6 hours of non-trial work performed between October, 1992 and September, 1993. See Defendant's Ex. P.
[3] The Gambrill court in deciding the expert witness fee issue relied on West Virginia Univ. Hosp. v. Casey, 885 F.2d 11, 32-35 (3d Cir.1989), aff'd, 499 U.S. 83, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991). West Virginia Univ. Hosp. was a Section 1988 civil rights case. Section 1988 provides in part: "the court ... may allow the prevailing party ... a reasonable attorney's fee as part of the costs." Section 1988 costs are determined by cross referencing 28 U.S.C. § 1821. Section 1821 provides "Except as otherwise provided by law, a witness in attendance at any court of the United States ... shall be paid the fees and allowances provided by this section."

The plain language of 73 P.S. § 1958 states that the court shall award "all court costs." Expert witness fees are a court cost for this purpose. Additionally, Pennsylvania's Lemon Law should be read broadly, because it is a remedial statute. See Gomez v. Toledo, 446 U.S. 635, 639, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). Moreover, the witness fee limits of Section 1821 do not apply if "otherwise provided by law." Therefore, Pennsylvania's Lemon Law cost provision is distinguishable from Section 1988's cost provision. The "all court costs" provision of the Lemon Law includes all reasonable expert witness fees and the other claimed expenses. See Gillespie v. Chrysler Corp., Civ. Action No. 93-1532 (E.D.Pa.) (Order of Feb. 4, 1994).