ORDER/MEMORANDUM

KATZ, District Judge.
AND NOW, this 28th day of April, 1994, upon consideration of the trial record and the submissions of the parties, it is hereby ORDERED that the court awards $100 in favor of the plaintiff and against the defendant under Pennsylvania’s Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-9.2[1] for the following reasons:
1. The extended warranty, credit life insurance and credit disability insurance charges were not awarded by the jury.[2] Aternatively, these charges are not “collateral charges” to the purchase, but rather expense for other protection elected by the plaintiff.
2. The UTPCPL damage issue was submitted to the court for disposition by the communication attached to the Order of April 4, 1994, a verdict having been entered in favor of plaintiff.
*681 3. Plaintiff purchased the car on March 2, 1989. Trial Ex. P-2. His maintenance of the automobile was spotty. Tr. (Day 1) pp. 108-09.
4. The 3 year—36,000 mile warranty expired March 2,1992. Tr. (Day 1) p. 102.
5. Defendant made efforts, through its dealer, to comply with the 3 year—36,-000 mile warranty, which expired March 2, 1992. Tr. (Day 1) pp. 75-87.
6. Despite the car’s nonconformity, the plaintiff used the car for over three years and drove it over 36,000 miles. Tr. (Day 1) p. 49, 83.
7. The car’s engine “seized” in May or June 1993, after expiration of defendant’s 3 year—36,000 mile warranty. Tr. (Day 1) p. 49, 83.
8. Any violation of Pennsylvania’s Automobile Lemon Law constitutes a violation of the UTPCPL. 73 P.S. § 1960; Gambrill v. Alfa Romeo, Inc., 696 F.Supp. 1047, 1050 (E.D.Pa.1988).
9. Defendant did not act outrageously, see Smith v. Chrysler Motor Corp., Civ. Action 89-2898, 1990 WL 65700 at *4 (E.D.Pa. May 15, 1990), or unconscionably. Cf. In re Bryant, 111 B.R. 474 (E.D.Pa.1990) (under UTPCPL, treble damages appropriate when defendant’s conduct unconscionable).
10. On balance of the equities, the court declines in its discretion to award treble damages, but' rather awards plaintiff $100. See Gambrill v. Alfa Romeo, Inc., 696 F. Supp. 1047, 1050 (E.D.Pa.1988).

. "The court may, in its discretion, award up to three time the actual damages sustained, but not less than one hundred dollars.” 73 P.S. § 201-9.2

. The court charged that the jury could award "all collateral charges” in addition to the purchase price less the reasonable allowance for use of the vehicle. Tr. (Day 2) p. 109.